UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GORDON CASEY and DUANE SKINNER,
individually and on behalf of all others
similarly situated,

                        Plaintiffs,

   -v-                                              5:12-CV-820

CITIBANK, N.A.; CITIMORTGAGE, INC.;
MIDFIRST BANK, N.A., doing business as
Midland Mortgage; and FIRSTINSURE, INC.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NICHOLS KASTER, PLLP<br>Attorneys for Plaintiffs<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 | DONALD H. NICHOLS, ESQ.<br>E. MICHELLE DRAKE, ESQ.<br>KAI H. RICHTER, ESQ. |
| One Embarcadero Center<br>Suite 720<br>San Francisco, CA 94111 | MATTHEW C. HELLAND, ESQ. |
| BERGER & MONTAGUE, P.C.<br>Attorneys for Plaintiffs<br>1622 Locust Street<br>Philadelphia, PA 19103 | PATRICK F. MADDEN, ESQ.<br>SARAH R. SCHALMAN–BERGEN, ESQ.<br>SHANON J. CARSON, ESQ. |
| TAUS, CEBULASH & LANDAU, LLP<br>Attorneys for Plaintiffs<br>80 Maiden Lane, Suite 1204<br>New York, NY 10038 | BRETT H. CEBULASH, ESQ.<br>KEVIN LANDAU, ESQ. |
| BALLARD SPAHR, LLP<br>Attorneys for Defendants Citibank, N.A.;<br>   and CitiMortgage, Inc.<br>999 Peachtree Street, Suite 1000<br>Atlanta, GA 30309 | CHRISTOPHER J. WILLIS, ESQ.<br>SARAH T. REISE, ESQ.<br>STEFANIE H. JACKMAN, ESQ. |

| | |
|---|---|
| MENTER, RUDIN & TRIVELPIECE, P.C.<br>Attorneys for Defendants Citibank, N.A.;<br>    and CitiMortgage, Inc.<br>308 Maltbie Street, Suite 200<br>Syracuse, NY  13204 | MITCHELL J. KATZ, ESQ.<br>TERESA M. BENNETT, ESQ. |
| GOODWIN PROCTER LLP<br>Attorneys for Defendants MidFirst Bank,<br>    N.A. and FirstInsure, Inc.<br>Exchange Place<br>53 State Street<br>Boston, MA  02109 | DAVID S. KANTROWITZ, ESQ.<br>JOHN C. ENGLANDER, ESQ.<br>MATTHEW G. LINDENBAUM, ESQ. |
| COSTELLO, COONEY & FEARON, PLLC<br>Attorneys for Defendants MidFirst Bank,<br>    N.A. and FirstInsure, Inc.<br>500 Plum Street, Suite 300<br>Syracuse, NY  13204 | EDWARD G. MELVIN, ESQ.<br>ROBERT J. SMITH, ESQ. |

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

### I. INTRODUCTION

On January 2, 2013, a Memorandum–Decision and Order was filed denying defendants' motions to dismiss in their entirety. Casey v. Citibank, N.A., __ F. Supp. 2d __, 2013 WL 11901 (N.D.N.Y. 2013) ("the January MDO").  On February 8, 2013, defendants MidFirst Bank, N.A. ("MidFirst") and FirstInsure, Inc. ("FirstInsure") filed a motion seeking a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Defendants Citibank, N.A. and CitiMortgage, Inc. ("the Citi defendants") requested to join this motion on March 4, 2013. Plaintiffs have filed opposition to the motion and to the Citi defendants' request to join the motion.  Defendants replied.

## II. DISCUSSION

A district court may certify for appeal a non-final order if: (1) the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even if this standard is met, a district court retains "substantial discretion" to deny certification for appeal. Marriott v. Cnty. of Montgomery, 426 F. Supp. 2d 1, 13 (N.D.N.Y. 2006). "Only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Id. (internal quotation marks and alteration omitted).

To determine whether there is a controlling question of law for purposes of section 1292(b), courts should consider whether: "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." Oxygenated Fuels Ass'n v. Pataki, 304 F. Supp. 2d 337, 340 (N.D.N.Y. 2002) (Mordue, J.).

Defendants seek to certify the following two questions of law for interlocutory appeal to the United States Court of Appeals for the Second Circuit: (1) whether Casey's standard FHA mortgage contract unambiguously permits a lender to require flood insurance in an amount equal to the replacement value of the property; and (2) whether the Truth in Lending Act ("TILA") requires and regulates disclosure of the costs of post-closing lender-placed insurance. Even assuming these issues involve controlling questions of law as to which there is substantial ground for difference of opinion, an appeal will not materially advance the ultimate termination of this case.

The resolution of these two questions will arguably impact only six of the twelve causes of action—the two TILA claims, Casey's two breach of contract claims, and Casey's two conversion claims.[1]  Casey's breach of fiduciary duty and trust claims, which arise from the escrow relationship between the parties and involve allegations that defendants mismanaged the escrow funds by force-placing excessive flood insurance, and his unjust enrichment claims, which involve alleged commissions and/or kickbacks defendants collected from force-placing flood insurance on his property, would be unaffected by an interlocutory appeal.  Nor do these two questions of law impact the New York Deceptive Practices Act claims.  Indeed, as noted in the January MDO, "defendants accepted approximately $30,000 worth of flood insurance on Casey's property for almost eight years before claiming he was deficient and demanding $107,780 in additional coverage.  This would likely mislead a reasonable consumer as to the amount of flood insurance he was required to maintain under the contract."  Casey, 2013 WL 11901, at *8.

Finally, Skinner obtained a mortgage using a standard Fannie Mae/Freddie Mac deed instrument, not an FHA mortgage contract.  Therefore, of the six claims asserted by Skinner, only his TILA claim would potentially be impacted by an interlocutory appeal.

In short, an interlocutory appeal of the two questions identified by defendants would prolong this litigation, not expedite it.  Defendants have failed to establish exceptional circumstances to justify the grant of a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

---

[1] Although there are twelve delineated causes of action in the amended complaint, five of these are brought by both Casey and Skinner.  There are thus seventeen separate claims asserted, only six of which may be impacted by an interlocutory appeal.

Accordingly, it is

ORDERED that

Defendants' motion seeking a certificate of interlocutory appeal is DENIED.

IT IS SO ORDERED.

Dated: April 10, 2013
Utica, New York.

United States District Judge