Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GORDON CASEY and DUANE SKINNER, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>CITIBANK, N.A. and CITIMORTGAGE, INC.,<br><br>           Defendants. | Civil Action No.: 5:12-cv-820 |
| CELESTE COONAN, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>CITIBANK, N.A. and CITIMORTGAGE, INC., ASSURANT, INC., AMERICAN SECURITY INSURANCE COMPANY, and STANDARD GUARANTY INSURANCE COMPANY,<br><br>           Defendants. | Civil Action No.: 1:13-cv-00353 |

## SETTLEMENT AGREEMENT AND RELEASE

1.     This Settlement Agreement and Release is entered into by Plaintiffs Gordon Casey and Duane Skinner, individually and on behalf of all Flood Settlement Class Members (as defined below), Celeste Coonan, individually and on behalf of all Hazard Settlement Class Members (as defined below), Defendants Citibank, N.A. and CitiMortgage, Inc., and third-parties Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance Company (collectively, the "Parties"), subject to the approval of the Court.

## DEFINITIONS

2.     As used in this Settlement Agreement, the terms set forth below shall have the following meanings:

      a.     "Actions" means the above-captioned consolidated lawsuits.

b.     "Agreement" or "Settlement Agreement" or "Settlement" means this Settlement Agreement and Release.

c.     "Assurant" means Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance Company.

d.     "CAFA Notice" means the notice to be sent by Citi to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) days after the Motion for Preliminary Approval is filed with the Court.

e.     "Citi" or "Defendants" mean Citibank, N.A. and CitiMortgage, Inc.

f.     "Claim Period" means the time from the Class Notice Date until 120 days after the Effective Date of the Settlement.

g.     "Claims Administrator" means Kurtzman Carson Consultants, LLC.

h.     "Co-Lead Class Counsel" means, with respect to the Flood Settlement Class, Berger & Montague, P.C. and Nichols Kaster, PLLP; and with respect to the Hazard Settlement Class, Berger & Montague, P.C., Nichols Kaster, PLLP and Gilman Law LLP.

i.     "Class Counsel" means Berger & Montague, P.C., Nichols Kaster, PLLP, Gilman Law LLP, and Taus, Cebulash & Landau, LLP.

j.     "Class Data" means the data and information produced by Citi in the Actions relating to the Flood Settlement Class Members and Hazard Settlement Class Members, their mortgage accounts serviced by Citi, and any lender-placed Flood Insurance or Hazard Insurance for their property during the relevant Class Periods.

k.     "Class Notices" means the Flood Class Notice and the Hazard Class Notice.

l.     "Class Notice Date" means the date that the Class Notices are mailed to Settlement Class Members (which shall be no later than 28 days after the Court's Preliminary Approval Order, unless otherwise ordered by the Court or agreed to by the Parties).

m.     "Class Periods" shall mean the Flood Class Period and Hazard Class

2

Period.

n.      "Complaints" means the operative Complaints filed in the Actions.

o.      "Effective Date" means either: (a) the date of the Final Approval Order of this Agreement by the Court if no objections are timely filed; (b) the expiration date of the time for filing notice of any appeal from the Final Approval Order by the Court if any timely objections are filed but no appeal is filed; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of that Order, (ii) the expiration of the time for a petition for writ of certiorari to review the Order if affirmed and, if the certiorari is granted, the date of final affirmance of the Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Order or the final dismissal of any proceeding on certiorari to review the Order that has the effect of confirming the Order.

p.      "Final Approval Hearing" means the hearing to be requested by the Parties and conducted by the Court, following appropriate notice to the Settlement Classes and an opportunity for the Settlement Class Members to exclude themselves from the Settlement Classes or to object to the Settlement, at which time the Named Plaintiffs will request the Court to finally approve the fairness, reasonableness and adequacy of the terms and conditions of this Settlement Agreement and to enter a Final Approval Order.

q.      "Final Approval Motion" or "Motion for Final Approval" means Plaintiffs' motion seeking final approval of this Settlement Agreement.

r.      "Flood Class Notice" means the Notice of Class Action Settlement as approved by the Court in its Preliminary Approval Order to be sent to Flood Settlement Class Members by mail.  The Parties' proposed Flood Class Notice is attached hereto as Exhibit A.

s.      "Flood Class Period" means the period from May 17, 2006 through the Preliminary Approval Date.

t.      "Flood Insurance" means insurance against the risk of floods.

u.      "Flood Settlement Class" and "Flood Settlement Class Members" means all persons who were charged by Citi for lender-placed flood insurance (unless such charge was

3

flat cancelled and refunded in full) in connection with a mortgage loan, home equity loan, or home equity line of credit secured by property in the United States during the time period from May 17, 2006 through the date of preliminary approval of the Settlement.

v.      "Hazard Class Notice" means the Notice of Class Action Settlement as approved by the Court in its Preliminary Approval Order to be sent to Hazard Settlement Class Members by mail.  The Parties' proposed Hazard Class Notice is attached hereto as Exhibit B.

w.      "Hazard Class Period" means the period from January 1, 2007 through the Preliminary Approval Date.

x.      "Hazard Insurance" means insurance against the risks of any type of hazard (*e.g.*, fire, windstorm, *etc.*) except for floods.

y.      "Hazard Settlement Class" and "Hazard Settlement Class Members" means all persons who were charged by Citi for lender-placed hazard insurance (unless such charge was flat cancelled and refunded in full) in connection with a mortgage loan, home equity loan, or home equity line of credit secured by property in the United States during the time period from January 1, 2007 through the date of preliminary approval of the Settlement.  For purposes of this class definition, the term hazard insurance includes insurance against any type of hazard (*e.g.*, fire, windstorm, etc.), except for floods.

z.      "Opt-Out Deadline" means the date sixty (60) days after the Class Notice Date.

aa.     "Parties" means Plaintiffs, Citi, and Assurant.

bb.     "Plaintiffs" or "Named Plaintiffs" means Gordon Casey, Duane Skinner and Celeste Coonan.

cc.     "Preliminary Approval Date" means the date of the Preliminary Approval Order.

dd.     "Preliminary Approval Motion" or "Motion for Preliminary Approval" means Plaintiffs' motion seeking preliminary approval of this Settlement Agreement.

ee.     "Preliminary Approval Order" means the Court's Order preliminarily

4

approving the Settlement Agreement, certifying the Settlement Classes, setting a date for the Final Approval Hearing, and providing for notice of the definitions of the Settlement Classes and the terms of Settlement Agreement to be sent to the Settlement Class Members.

   ff. "Published Notice" means an advertisement to be published in USA Today regarding this Settlement.  The Parties' proposed Published Notice is attached hereto as Exhibit C.

   gg. "Released Claims" means all lender-placed Flood Insurance and lender-placed Hazard Insurance claims asserted against Citi in the Actions and any related claims which could be asserted against Citi or Assurant in connection with lender-placed Flood Insurance and/or lender-placed Hazard Insurance on mortgage loans, home equity loans, or home equity lines of credit serviced by Citi during the Flood Class Period or Hazard Class Period, based upon the allegations set forth in the Complaints (including, without limitation, all claims relating to the authority to purchase lender-placed insurance, amount of lender-placed insurance premiums, amount of lender-placed insurance coverage, the timing of placement of the lender-placed insurance, the period for which lender-placed insurance was purchased, and the commissions, so-called kickbacks and any other benefits received by Citi, including Citi Assurance Services, Inc., related to lender-placed insurance).  However, the term "Released Claims" only applies to lender-placed Flood Insurance claims as to the Flood Settlement Class, and to lender-placed Hazard Insurance claims as to the Hazard Settlement Class.

   hh. "Released Parties" means Citi, including Citi Assurance Services, Inc., and Assurant and each and all of their respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives.

   ii. "Settlement Classes" means the Flood Settlement Class and the Hazard

Settlement Class.

jj.     "Settlement Class Members" means Flood Settlement Class Members and Hazard Settlement Class Members.

kk.     "Settlement Website" shall mean the website described in Paragraph 54.

## RECITALS

3.     Plaintiff Gordon Casey filed the *Casey* Action on May 17, 2012 on behalf of himself and other similarly situated customers of Citi.  Plaintiff Casey's Complaint asserted claims against Citi for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty/breach of trust, and violation of the New York Deceptive Practices Act (NYDPA), N.Y. Gen. Bus. Law § 349, *et seq*.  Among other things, Plaintiff Casey alleged that Citi unlawfully forced customers to carry excessive Flood Insurance coverage for their property and improperly profited from the force-placement of Flood Insurance.

4.     On July 26, 2012, Plaintiff Casey and Plaintiff Duane Skinner filed an Amended Complaint on behalf of themselves and other similarly situated customers of Citi.  The Amended Complaint asserted substantially similar claims against Citi as Plaintiff Casey's initial complaint, as well as claims for conversion and for violation of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*.

5.     On March 27, 2013, Plaintiff Celeste Coonan filed the *Coonan* Action individually and on behalf of similarly situated customers of Citi.  Plaintiff Coonan's Complaint asserted claims against Citi for breach of contract/breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, and conversion.  Among other things, Plaintiff Coonan alleged that Citi improperly profited from lender-placed Hazard Insurance and placed insurance in excessive amounts and for excessive periods of time.

6.     On August 7, 2013, the Court issued an Order consolidating the *Casey* and *Coonan* actions for pretrial purposes.

7.     The Named Plaintiffs and their counsel have cooperated and coordinated their

efforts with respect to the above-referenced lawsuits, and have participated in an extensive alternative dispute resolution ("ADR") process with Citi and Assurant that was overseen by an experienced mediator, Eric Green of Resolutions LLC.

8.     In connection with this ADR Process, Citi: (a) responded to numerous written discovery requests by Plaintiffs and produced extensive written discovery to Plaintiffs; and (b) produced both aggregate Class Data and individualized Class Data to Plaintiffs concerning Citi's customers who were issued lender-placed Flood Insurance and/or lender-placed Hazard Insurance during the relevant Class Periods (*i.e.*, the Settlement Class Members).  The Class Data contained detailed information regarding Settlement Class Members' mortgage loans, home equity loans, and home equity lines of credit that were serviced by Citi, including, *inter alia*: (a) the amount of any lender-placed Flood Insurance or Hazard Insurance that was issued and the associated premiums and coverage amounts; (b) the effective date and the issue date of any such lender-placed Flood Insurance or Hazard Insurance; and (c) the amount of any refunds issued for premiums associated with such lender-placed Flood Insurance or Hazard Insurance, as well as additional data.  In addition, Citi provided information regarding any commissions that were paid to Citi-affiliated entities in connection with lender-placed Flood Insurance or Hazard Insurance, and the fees that Citi paid Assurant for outsourcing and other services.

9.     Class Counsel retained a damages expert, Arthur Olsen, to evaluate and analyze the Class Data, and also considered and analyzed the Class Data for themselves, prior to engaging in mediation and entering into this Settlement Agreement.

10.     The Parties attended two full-day mediation sessions with Mr. Green that took place in New York City on November 26, 2013 and December 16, 2013.  Following the second day of mediation, the Parties reached an agreement with respect to certain material terms that subsequently formed the basis of this Agreement.  As a result of this mediation process, the analysis of the extensive discovery and Class Data produced by Citi, and subsequent negotiations between the Parties with respect to the terms and conditions of this Settlement Agreement, the Parties have agreed to settle these Actions according to the terms of this Settlement Agreement.

11.     At all times, the Parties have negotiated vigorously with each other and at arm's length.  The Parties have investigated the facts relating to the claims alleged in the consolidated Actions, and have made a thorough study of the legal principles applicable to the legal claims that have been asserted.  Based upon their investigation, Class Counsel's legal evaluation, and taking into account the contested legal and factual issues involved, including the Parties' assessment of the uncertainties of litigation and the relative benefits conferred upon the Settlement Class Members pursuant to this Agreement, Plaintiffs and Class Counsel have concluded that this Agreement with Citi and Assurant on the terms set forth herein is fair, reasonable and adequate, and in the best interests of Plaintiffs and the Settlement Class Members.

12.     The Parties recognize that notice to the Settlement Class Members of the material terms of this Settlement Agreement, as well as Court approval of the Agreement, are required to effectuate the Agreement, and that the Agreement will not become operative until the Court grants final approval of it and the Agreement becomes effective.

13.     Citi has asserted or would assert numerous defenses to the claims alleged in the consolidated Actions, and expressly denies each of the claims and allegations asserted against it and any and all liability arising out of the conduct alleged in these Actions.  Citi asserts that its lender-placed Flood Insurance and Hazard Insurance procedures for residential borrowers that were in place during the Flood Class Period and the Hazard Class Period were not unlawful or improper in any manner, and denies that either the Named Plaintiffs or the Settlement Class Members suffered any cognizable injury as a result of Citi's or Assurant's conduct.  By entering into this Agreement, Citi and Assurant do not admit any wrongdoing, and this Agreement shall not constitute an admission of liability by Citi or Assurant.

14.     In order to effectuate this Settlement, Citi stipulates to the certification of the Settlement Classes pursuant to FED. R. CIV. P. 23(b)(3) as defined above in Paragraphs 2(u) and 2(y).  By so stipulating, Citi shall not be precluded from challenging class certification in further proceedings in these Actions or in any other action if this Settlement is not finally approved.  If

8

the Settlement is not finally approved by the Court, the certification of the Settlement Classes will be void.  No agreements made by or entered into by Citi or Assurant in connection with this Settlement may be used by Plaintiffs, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Actions or any other judicial or regulatory proceeding.

15.     NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned Parties, that these Actions shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

<u>**MONETARY RELIEF TO SETTLEMENT CLASS MEMBERS**</u>

16.     <u>Claims Process</u>.  All Settlement Class Members shall have the opportunity to submit a claim for monetary relief using a Court-approved Claim Form as detailed below.

17.     <u>Flood Claim Form</u>.  The Parties' proposed Flood Claim Form is attached hereto as Exhibit D.  The Flood Claim Form shall be clear and concise, and shall be no more than two pages.  Flood Settlement Class Members shall only be required to submit one Flood Claim Form regardless of how many lender-placed Flood Insurance placements they were subject to during the Flood Class Period.

18.     <u>Hazard Claim Form</u>.  The Parties' proposed Hazard Claim Form is attached hereto as Exhibit E.  The Hazard Claim Form shall be clear and concise, and shall be no more than two pages.  Hazard Settlement Class Members shall only be required to submit one Hazard Claim Form regardless of how many lender-placed Hazard Insurance placements they received during the Hazard Class Period.

19.     <u>Method for Returning Claim Forms</u>.  Settlement Class Members shall have the opportunity to submit and return completed Flood Claim Forms and/or Hazard Claim Forms to the Claims Administrator by mail, facsimile, email, or online by uploading the completed Flood Claim Form and/or Hazard Claim Form through the Settlement Website.  A Claim Form shall be valid and complete only if all information requested on it has been provided; all required signatures are present on the document; and all documentation required by the instructions on the

9

Claim Form accompanies the Claim Form.

20.     <u>Time Period for Submitting Claim Forms</u>.  Settlement Class Members may submit their Flood Claim Form and/or Hazard Claim Form to the Claims Administrator at any time during the Claim Period.

21.     <u>Remedy to Address Defective Claims</u>.  If any submitted Flood Claim Forms or Hazard Claim Forms are deemed invalid for any reason (*e.g.*, because they are defective or incomplete in any way), the Claims Administrator shall promptly advise Co-Lead Class Counsel on a weekly basis so that Co-Lead Class Counsel may follow-up with the Settlement Class Member who submitted such Claim Form in order to cure any deficiency.  Any defective Flood Claim Form or Hazard Claim Form may be cured and shall be accepted by the Claims Administrator so long as the defect is resolved within 30 days after the end of the Claim Period.

22.     <u>Payment to Flood Settlement Class Members</u>.  Each Flood Settlement Class Member who timely returns a valid Flood Claim Form ("Flood Claimant") shall receive a payment ("Flood Settlement Payment") equal to eight percent (8%) of the net amount of premiums that Citi charged such Flood Claimant for all lender-placed Flood Insurance placements during the Flood Class Period (meaning 8% of the total amount of premiums that Citi charged such Flood Claimant less any refunds of premiums that were issued).

23.     <u>Payment to Hazard Settlement Class Members</u>.  Each Hazard Settlement Class Member who timely returns a valid Hazard Claim Form ("Hazard Claimant") shall receive a payment ("Hazard Settlement Payment") equal to twelve and one-half percent (12.5%) of the net amount of premiums that Citi charged such Hazard Claimant for all lender-placed Hazard Insurance placements during the Hazard Class Period (meaning 12.5% of the total amount of premiums that Citi charged such Hazard Claimant less any refunds of premiums that were issued), except that stand-alone windstorm insurance placements shall be reimbursed at a rate of eight percent (8%).

24.     <u>Value of Settlement to Flood Settlement Class Members</u>.  During the Flood Class Period, the total net written Flood Insurance premiums charged by Citi to Flood Settlement Class

Members were approximately $173 million, and 8% of this amount (the "Flood Settlement Value") therefore is $13.84 million.  Pursuant to this Settlement Agreement, Citi will make the Flood Settlement Value available to Flood Settlement Class Members exclusive of attorneys' fees and costs, any service award, and all costs and fees of the Claims Administrator.

25.  <u>Value of Settlement to Hazard Settlement Class Members</u>.  During the Hazard Class Period, the total net written hazard insurance premiums (excluding windstorm insurance premiums) charged by Citi to Hazard Settlement Class Members were approximately $758 million, and 12.5% of this amount is therefore is $94.75 million.  During the same period, the total net written windstorm insurance premiums charged by Citi to Hazard Settlement Class Members were approximately $21 million, and 8% of this amount is therefore $1.68 million. Accordingly, the total value of the Settlement as to all forms of Hazard Insurance (the "Hazard Settlement Value") is $96.4 million.  Pursuant to this Settlement Agreement, Citi will make the Hazard Settlement Value available to Hazard Settlement Class Members exclusive of attorneys' fees and costs, any service award, and all costs and fees of the Claims Administrator.

26.  <u>This Settlement Agreement and Release Has No Effect on Insurance Claims</u>. Settlement Class Members who have made or who make a claim for property damage in the future on their lender-placed Flood Insurance or lender-placed Hazard Insurance will not be affected in any way as a result of their participation in this Settlement, and may participate in this Settlement to the same extent as Settlement Class Members who have not made a claim on their lender-placed Flood Insurance or lender-placed Hazard Insurance.

27.  <u>No Offsets for National Mortgage Settlement or Other Settlements</u>.  There will be no offset to any amounts received by any Flood Claimant or Hazard Claimant under this Settlement to account for any payments that the Flood Claimant or Hazard Claimant received or may receive under the National Mortgage Settlement ("NMS") or any other settlement between Citi and/or Assurant and any governmental or private entity, including the Office of the Comptroller of the Currency (the "OCC").

28.  <u>Settlement Class Members May Recover Both Flood and Hazard Settlement</u>

Payments.  A person or entity may be both a Flood Claimant and a Hazard Claimant, and recover both a full Flood Settlement Payment and a full Hazard Settlement Payment pursuant to this Settlement.  To do so, however, such person must submit valid claims for both Flood and Hazard insurance.

29.   Method of Flood and Hazard Settlement Payments.  Flood Claimants and/or Hazard Claimants who paid their lender-placed insurance and/or who do not have an active mortgage escrow account with Citi shall receive their Flood Settlement Payment and/or Hazard Settlement Payment by check.  For purposes of such payment determination, "Flood Claimants and/or Hazard Claimants who paid their lender-placed insurance" refers to Flood Claimants and/or Hazard Claimants who made at least one full monthly mortgage payment including a portion of the charge for the lender-placed Flood Insurance and/or Hazard Insurance to Citi after either: (a) their existing escrow account was adjusted to charge the premium for the lender-placed Flood Insurance and/or Hazard Insurance; or (b) their created escrow account was charged for the premium for lender-placed Flood Insurance or Hazard Insurance.  Subject to the foregoing, all other Flood Claimants and/or Hazard Claimants with active mortgage escrow accounts who were charged for lender-placed Flood Insurance or Hazard Insurance but who did not pay at least one full monthly loan payment after their account was charged for lender-placed Flood Insurance or Hazard Insurance will receive their Flood Settlement Payment and/or Hazard Settlement Payment via escrow credit or check, at Citi's election.

30.   Distribution of Flood and Hazard Settlement Payments.  Within five (5) business days after the Effective Date, the Claims Administrator shall set up a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code Section 1.468B-1 with a federally-chartered national bank selected by Co-Lead Class Counsel, and the QSF shall be administered by the Claims Administrator.  Within 30 days after the end of the Claim Period, Citi and Assurant shall collectively deposit into the QSF all funds necessary to make the Flood Settlement Payments and Hazard Settlement Payments which are to be paid to Flood Claimants and Hazard Claimants.  All check payments to Flood Claimants and Hazard Claimants shall be made by the Claims

Administrator from this QSF as soon as reasonably practicable (and no later than sixty days (60) days after the Effective Date).  All check payments to Flood Claimants and Hazard Claimants shall be distributed via first class mail in an envelope which shall state, on the outside: "SETTLEMENT ADMINISTRATION NOTICE REGARDING YOUR CLASS ACTION CLAIM."  For purposes of this mailing, the Claims Administrator shall use the addresses that were identified by the Flood Claimant or Hazard Claimant on their Flood Claim Form or Hazard Claim Form.  To the extent that Citi elects to provide escrow credits to certain Flood Claimants and Hazard Claimants, where applicable pursuant to Paragraph 29 above, then Citi shall provide such escrow credits directly to such Flood Claimants and Hazard Claimants as soon as reasonably practicable (and no later than sixty days (60) days after the Effective Date), and the Claims Administrator shall make information available to Class Members to obtain confirmation of the application of escrow credits to their accounts via the settlement website.

31.    Re-Mailing of Returned Settlement Payments.  Any Flood Settlement Payments or Hazard Settlement Payments that are returned as non-deliverable with a forwarding address shall be re-mailed by the Claims Administrator to such forwarding address within five (5) business days.  If any Flood Settlement Payments or Hazard Settlement Payments are returned as non-deliverable without a forwarding address, the Claims Administrator shall conduct reasonable searches to locate valid address information for the intended recipients of such Settlement Payments using the methods provided in Paragraph 51 below, and shall, within five (5) business days, re-mail the Flood Settlement Payment or Hazard Settlement Payment, as applicable, to any new address that is identified.

32.    Payment Period.  Flood Claimants and Hazard Claimants who are issued Settlement Payments by check shall have 180 days to cash their settlement checks (the "Payment Period").  Any checks that remain uncashed following the Payment Period shall be paid on a *cy pres* basis to the Low Income Investment Fund (or such other charitable organization as the Court may prescribe).  The payment to the *cy pres* recipient shall be made directly by Citi.

33.    Final Accounting.  No later than thirty (30) days after all Flood Settlement

13

Payments and Hazard Settlement Payments are made to Flood Claimants and Hazard Claimants, respectively, and again at the conclusion of the Payment Period, the Claims Administrator shall provide a detailed final accounting to the Parties.  The Claims Administrator shall also provide declarations concerning the claims administration process and responses to requests for information to the Parties at any time.

34.     No person shall have any claim against the Parties, the Settlement Class Members, Class Counsel, or the Claims Administrator based on payments made in accordance with the procedures set forth in this Settlement Agreement.

## INJUNCTIVE RELIEF

35.     <u>No Compensation to Citi in Connection with Lender-Placed Insurance</u>.  For a period of six (6) years from the Effective Date of the Settlement, Citi and its affiliates shall not accept any commissions, qualified expense reimbursements, administrative payments, reinsurance payments, or compensation of any kind in connection with lender-placed Flood Insurance or lender-placed Hazard Insurance from any insurance vendor or any affiliate of an insurance vendor (other than payments on damage claims), and Assurant and its affiliates shall not offer such compensation to Citi or its affiliates in connection with lender-placed Flood Insurance or lender-placed Hazard Insurance.  In addition, Citi shall not accept (and Assurant and its affiliates shall not provide to Citi) any free or below-cost outsourced services in connection with lender-placed Flood Insurance or lender-placed Hazard Insurance.  However, outsourced services shall not include expenses associated with tracking functions that Assurant incurs for its own benefit to identify and protect itself from: (a) exposure to lost premium and losses on properties in which no other insurance coverage is in effect; or (b) administrative costs associated with providing and subsequently canceling lender-placed insurance policies on properties on which lender-placed insurance is not required.

36.     <u>Amount of Lender-Placed Flood Insurance Coverage</u>.  For a period of six (6) years from the Effective Date, Citi shall not charge Flood Settlement Class Members for lender-placed Flood Insurance coverage in excess of their last known coverage amount ("LKCA"), or, if

14

the LKCA is unavailable, their unpaid principal balance (not to exceed replacement cost value, if known), provided that the LKCA is at least equal to the amount required by federal law and any investor requirements applicable to the Flood Settlement Class Members' loans.

37.     Review of Existing Lender-Placed Flood Insurance Coverage.  Within 30 days of the Effective Date, Citi shall undertake a review of all active Flood Settlement Class Member accounts to determine which accounts previously had their Flood Insurance coverage requirements increased by Citi (either as a result of Citi increasing its Flood Insurance coverage requirements for Citi accounts or as a result of being transferred to Citi from another lender/servicer with more lenient coverage requirements).  If Citi determines that any Flood Settlement Class Members with active accounts had their Flood Insurance coverage requirements increased by Citi (or any Flood Settlement Class Members independently demonstrate to Citi that their coverage requirements were increased by Citi), Citi shall send a letter in a form attached as Exhibit F hereto ("Coverage Letter") to such Flood Settlement Class Members with secured property in a special flood hazard area ("SFHA"), within 30 days of the Effective Date of the Settlement, which provides such Flood Settlement Class Members the option to maintain Flood Insurance coverage equal to the lesser of the following amounts (provided that such amounts are sufficient to satisfy federal requirements and any applicable investor requirements):

a.     The replacement cost value ("RCV") of the structures on their property (using the Flood Settlement Class Member's Hazard Insurance coverage as a proxy for RCV);

b.     The maximum amount of Flood Insurance coverage available under the National Flood Insurance Program (currently $250,000); or

c.     The unpaid principal balance ("UPB") of all liens secured by the property in the SFHA (whether owed to Citi or another lender).[1]

---

[1] As a condition of exercising this option, Citi may require eligible Flood Settlement Class Members to provide information concerning the existence and/or amount of any liens which are not serviced by Citi.

Eligible Flood Settlement Class Members may exercise this option by returning a tear-off form that shall be included with the Coverage Letter.  To the extent that eligible Flood Settlement Class Members exercise their option to maintain Flood Insurance coverage equal to the lesser of the three coverage amounts outlined above, Citi shall honor such election for the life of their loan or line of credit, provided that these amounts are sufficient to satisfy federal requirements and investor requirements.  Notwithstanding the above, there shall be no refunds to any Flood Settlement Class Member for any previously placed or previously-purchased Flood Insurance, other than the Flood Settlement Payments specified in Paragraph 22 of this Agreement.  The relief provided in this paragraph is prospective only.

38.    Amount of Lender-Placed Hazard Insurance Coverage.  For a period of six (6) years from the Effective Date of the Settlement, Citi shall not charge Hazard Settlement Class Members for lender-placed Hazard Insurance coverage in excess of the greater of (a) their LKCA, or (b) their unpaid principal balance (not to exceed replacement cost value, if known).

39.    Maintenance of Preferred Policies.  Prior to purchasing lender-placed Flood Insurance or lender-placed Hazard Insurance for any borrower whose existing coverage has lapsed, Citi agrees that for a period of six (6) years from the Effective Date, Citi shall attempt to renew such Settlement Class Member's previously-existing Flood Insurance and/or Hazard Insurance coverage, provided that: (a) the loan is escrowed with Citi; and (b) Citi receives a copy of the invoice from the borrower's carrier and a request from the borrower stating that the Flood Insurance and/or Hazard Insurance premiums have not been paid by the borrower and identifying the amount of premiums required to continue the borrower's existing coverage. The borrower shall be responsible for all funds advanced pursuant to this paragraph.

40.    Notice Requirements.  Citi shall comply with all advance notice requirements that apply to lender-placed Flood Insurance and/or lender-placed Hazard Insurance under federal law.

41.    Conflicts With Regulatory Requirements.  If there is a conflict between any provision of this Agreement and any statute, rule, regulation, or formal or informal regulatory guidance (collectively, "Regulatory Requirement") applicable now or in the future to Citi's

practices with respect to lender-placed Flood Insurance and/or Hazard Insurance, the Regulatory Requirement shall control, and the specific portion of this Agreement in conflict with such Regulatory Requirement shall be of no further force or effect.  If this occurs, the remainder of this Settlement Agreement will remain in full force and effect.  Citi represents that it is not presently aware of any such conflict.

42.     Value of Injunctive Relief.  The Parties agree that the monetary value of the agreed injunctive relief set forth above is substantial, and Citi and Assurant shall provide Plaintiffs with data and information which allows Plaintiffs to quantify a dollar value of the agreed injunctive relief in such a way as can be presented to the Court in connection with Plaintiffs' motion for final approval of the Settlement.

## ADDITIONAL SETTLEMENT PAYMENTS

43.     Additional Payments.  As set forth in Paragraphs 44 through 46 below, Citi shall pay Class Counsel's attorneys' fees and costs, any service awards to the Named Plaintiffs, and the fees and costs of the Claims Administrator, exclusive of and in addition to the payments made to Flood Claimants and Hazard Claimants pursuant to this Agreement.

44.     Class Counsel's Attorneys' Fees and Costs.  Contemporaneous with or prior to the filing of the Final Approval Motion, Class Counsel shall file a Motion for Attorneys' Fees and Costs in accordance with FED. R. CIV. P. 23(h).  Subject to the Court's approval, within seven (7) business days after the Effective Date, Citi and Assurant shall pay Class Counsel's attorneys' fees in an amount of up to $7,000,000, plus Class Counsel's costs (including, without limitation, all out-of-pocket expenses that have or will be incurred by Class Counsel in connection with these Actions, the settlement of these Actions, or the administration of the Settlement) in an amount of up to $125,000.  These amounts will compensate Class Counsel for all work already performed and all of the work remaining to be performed in these Actions (including but not limited to securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, responding to inquiries from Settlement Class Members, and obtaining dismissal of the Actions), and all associated costs and expenses.

17

45.     <u>Service Awards to Named Plaintiffs</u>.   Subject to the Court's approval, each Named Plaintiff shall receive a service award not to exceed Five Thousand Dollars ($5,000.00) for their time and efforts in bringing and prosecuting their respective Actions.  Citi shall pay the amounts ordered by the Court within seven (7) business days after the Effective Date.

46.     <u>Claims Administrator's Fees and Costs</u>.   Citi shall pay all fees and costs of the Claims Administrator on a monthly basis as they are invoiced, including, without limitation, all amounts billed in connection with the distribution of the Flood Class Notice, Hazard Class Notice, Published Notice, Flood Claim Form, Hazard Claim Form, processing of claims, distribution of Flood Settlement Payments and Hazard Settlement Payments, the establishment of a telephone hotline and website, and all other functions requested by the Parties or set forth in the Settlement Agreement.  Prior to performing any work, the Claims Administrator shall provide the Parties with an estimate of its fees and costs related to the administration of this Settlement, and the amount paid to the Claims Administrator in connection with this Settlement shall not exceed that amount absent a showing by the Claims Administrator of good cause.

## NOTICE OF SETTLEMENT

47.     Following the Court's preliminary approval of this Settlement Agreement, notice of the definitions of the Settlement Classes and the material terms of this Settlement shall be sent to the Settlement Class Members by direct mail and published as set forth below.  The Parties will request the Court to determine that the proposed procedures for notice set forth below constitute the best practicable notice to Settlement Class Members and are in compliance with their due process rights.

48.     The Claims Administrator shall be responsible for preparing, printing, and mailing the Flood Class Notice to all Flood Settlement Class Members and the Hazard Class Notice to all Hazard Settlement Class Members, as directed and approved by the Court in its Preliminary Approval Order.

49.     Within ten (10) business days after the Court's Preliminary Approval Order, Citi shall transmit to the Claims Administrator an updated database containing the last known contact

information for all Settlement Class Members, including: names, addresses, and telephone numbers (to the extent reasonably available in database format) (the "Settlement Class List"). The Claims Administrator shall maintain the confidentiality of the Settlement Class List, and shall undertake best efforts to verify and update the Settlement Class List.  A copy of the Settlement Class List shall be provided to Class Counsel subject to the Protective Orders entered by the Court in these Actions.

50.     Within thirty (30) days after the Court's Preliminary Approval Order, or as soon as reasonably practicable, the Claims Administrator shall mail, via first class mail, the Flood Class Notice to the Flood Settlement Class Members and the Hazard Class Notice to the Hazard Settlement Class Members.  The Class Notices shall provide information and instructions to the Settlement Class Members concerning the Settlement and their right to submit a Claim Form, as well as their objection rights and opt-out rights.

51.     <u>Non-Deliverable Class Notices</u>.  If any Class Notices are returned as non-deliverable, and a forwarding address is provided, the Claims Administrator shall re-mail the Class Notice to the forwarding address within five (5) business days.  If any Class Notices are returned as non-deliverable, and no forwarding address is provided, the Claims Administrator shall attempt to ascertain a valid address for any affected Settlement Class Member by conducting an automated skip trace (at a cost of up to $0.30 per person) in an effort to find a valid address for such Settlement Class Member, and shall re-mail the Class Notice within five (5) business days to the address(es) that are found.

52.     <u>Published Notice</u>.  Contemporaneously with the Class Notice Date, the Claims Administrator shall issue the Published Notice.  The Published Notice shall be published one time only.

53.     <u>Telephone Support</u>.  Effective on the Class Notice Date, and until the expiration of the Payment Period, the Claims Administrator shall arrange for a toll-free interactive voice response ("IVR") telephone system with agreed upon script recordings of information about this Settlement, including information about the Claim Forms, utilizing the relevant portions of the

19

language contained in the Flood Class Notice and Hazard Class Notice and Claim Forms.  To the extent that Settlement Class Members have questions that are not answered by the IVR, they shall be directed to the Settlement Website, where they may submit a message that will be returned by the Claims Administrator or Class Counsel, as appropriate.  For thirty (30) days after the mailing of the Class Notices, and also for thirty (30) days after the distribution of the Flood Settlement Payments and Hazard Settlement Payments, the Claims Administrator shall respond (by email or telephone as appropriate) to questions about the Settlement and the claims process, using up to twenty (20) agreed-upon scripts or messages for responding to such questions.  At all other times, the Claims Administrator shall only respond to routine administrative questions (*i.e.*, questions about obtaining claim forms, questions about how or when to submit claims, questions about lost checks or address changes, etc.), and all other questions shall be referred to Class Counsel.

54.     Settlement Website.  Effective on the Class Notice Date and until the expiration of the Payment Period, the Claims Administrator shall also make active an agreed website describing the terms of the Settlement and from which Settlement Class Members can download relevant forms such as the operative Complaints, the Class Notices, the Claim Forms, the Settlement Agreement, and ECF-filed (*i.e.*, publicly-available) copies of Plaintiffs' motion papers in support of approval of the Settlement and in support of the requested attorneys' fees, costs, and class representative service awards.  The website shall also allow Class Members to upload completed claim forms, and to log in to check to see whether an escrow credit has been applied to their accounts by Citi.   The name of this website shall be www.CMImortgageinsurancesettlement.com.   The website shall include the 1-800 number established by the Claims Administrator pursuant to this Settlement, as well as other information pertinent to the Settlement.

55.     Declaration of Due Diligence in Providing Notice.  Prior to the filing of Plaintiffs' Motion for Final Approval, or as requested by the Parties, the Claims Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of

the Class Notices; (b) the total number of Settlement Class Members who were sent Flood Class Notices and Hazard Class Notices; and (c) the total number of Settlement Class Members who submitted timely requests for exclusion or objections to the Settlement, along with the complete copies of all requests for exclusion and objections received, including the postmark dates for each request for exclusion or objection.  Class Counsel shall file the declaration with the Court prior to the Final Approval Hearing.

### OPT-OUTS AND OBJECTIONS

56.  <u>Requests for Exclusion</u>:  The Class Notices shall provide that Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out"), postmarked no later than the Opt-Out Deadline.  Such written request for exclusion must contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by the Settlement Class Member who seeks to opt out.  No opt-out request may be made on behalf of a group of Settlement Class Members.  The opt-out request must be sent by mail to the Claims Administrator and must be timely postmarked by the Opt-Out Deadline.  The postmark date of the mailing envelope shall be the exclusive means used to determine whether an opt-out has been timely submitted.  The Claims Administrator shall provide the Parties with copies of all opt-out requests on a weekly basis.  If the number of Flood Settlement Class Members who file opt-out requests equals or exceeds two-and-one-half percent (2.5%) of the total number of all Flood Settlement Class Members, or if the number of Hazard Settlement Class Members who file opt-out requests equals or exceeds two-and-one-half percent (2.5%) of the total number of all Hazard Settlement Class Members, then Citi or Assurant, in their sole discretion, may, at any time prior to ten (10) business days after the Opt-Out Deadline, notify Class Counsel that they believe that the Settlement Agreement cannot achieve its purpose.  In that event, this Settlement Agreement shall become null and void; the Actions may continue; and the Named Plaintiffs and Citi shall jointly move that any and all orders entered pursuant to this Settlement Agreement be vacated.  Any Settlement Class Member who requests exclusion from

(*i.e.,* opts out of) the Settlement will not be entitled to any Flood Settlement Payment or Hazard Settlement Payment and will not be bound by this Settlement or have any right to object, appeal or comment thereon.

57.    <u>Objections</u>:  The Class Notice shall provide that any Settlement Class Member who wishes to object to the Settlement Agreement must file a written statement of objection with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel no later than the Opt-Out Deadline.  The Notice of Objection must state: a) the case name and number; b) the basis for the objection; c) the name, address, telephone number, and email address of the Settlement Class Member making the objection; d) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel; and e) be personally signed by the Settlement Class Member.  Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived  any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

## **FINAL APPROVAL**

58.    <u>Final Approval Motion</u>.  At least fourteen (14) days before the Final Approval Hearing, or on the date set by the Court (if different), Plaintiffs shall file a motion requesting that the Court grant final approval of the Settlement, with Class Counsel filing a memorandum of law in support of the motion and addressing any timely submitted objections to the Settlement.

59.    <u>Matters to Be Considered at Final Approval Hearing</u>.  At the Final Approval Hearing, the Court will consider and determine whether the Settlement is fair, reasonable and adequate, whether the notice provided to Settlement Class Members constitutes the best notice practicable and satisfies due process, whether any objections to the Settlement should be overruled, whether Class Counsel's motion for attorneys' fees and costs should be approved, and whether an order finally approving the Settlement should be entered.

60.    This Agreement is subject to and conditioned upon the issuance by the Court of an Final Approval Order which grants final approval of this Agreement and:

a.      Certifies the Settlement Classes for settlement purposes;

b.      Finds that the Flood Class Notice and Hazard Class Notice satisfy the requirements of due process and Fed. R. Civ. P. 23(e)(1);

c.      Finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Classes, and that each Settlement Class Member (except those who submitted a timely and valid request to opt-out of the Flood Settlement Class or the Hazard Settlement Class) shall be bound by this Agreement;

d.      Dismisses on the merits and with prejudice all claims asserted in the Actions against Citi;

e.      Permanently enjoins each and every Settlement Class Member (excluding those Settlement Class Members who submitted a timely and valid request to opt-out) from bringing, joining or continuing to prosecute against Citi and/or Assurant any action asserting the Released Claims; and

f.      Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## TERMINATION OF AGREEMENT

61.     Plaintiffs, Citi and Assurant shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so to all other Parties hereto within ten (10) business days of:  (a) the Court's final refusal to grant preliminary approval of this Agreement; (b) the Court's final refusal to grant final approval of this Agreement; or (c) the date upon which the Final Approval Order is modified or reversed in any material respect by the Second Circuit Court of Appeals or the U.S. Supreme Court.  The above notwithstanding, the Parties agree that should the Court modify the Agreement in any respect, the Parties will, within the above-indicated period, meet and confer in a good faith attempt to reach agreement and preserve the Agreement.

## RELEASE AND DISMISSAL OF CLAIMS

62.     <u>Class Release</u>.  Subject to the approval of the Court and in consideration of the

benefits inuring to the Named Plaintiffs and the Settlement Class Members hereto, upon entry of the Final Approval Order, the Named Plaintiffs and each Settlement Class Member and his or her assigns, heirs, successors and personal representatives shall hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims that exist in their favor through the date of this Settlement Agreement.  The Named Plaintiffs and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims.

63.   <u>Limitation on Releases by Settlement Class Members</u>.  The foregoing release set forth in Paragraph 62 above will be effective only as to those lender-placed Flood Insurance and lender-placed Hazard Insurance policies reflected in the Class Data produced by Citi and Assurant in connection with these Actions.

64.   <u>Dismissal of Claims</u>.  The Named Plaintiffs, on behalf of themselves and the Settlement Class Members, shall dismiss the Actions with prejudice within 30 days after the Effective Date.

## **MISCELLANEOUS**

65.   <u>No Admission of Liability</u>.  By entering into this Agreement, Citi and Assurant shall not be deemed to have made any admission of liability or wrongdoing.

66.   <u>Acknowledgment</u>.  Each of the Parties acknowledges and represents that such Party: (a) has fully and carefully read this Agreement prior to execution; (b) has been fully apprised by counsel of the legal effect and meaning of the terms of this Agreement; (c) has had the opportunity to undertake whatever investigation or inquiry is necessary or appropriate in connection with this Agreement; (d) has been afforded the opportunity to negotiate any and all terms of this Agreement; and (e) is executing this Agreement voluntarily and free from any undue influence, coercion, or duress of any kind.

67.     <u>Agreement to Cooperate</u>.  The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties may seek the assistance of the Court to resolve such disagreement after meeting and conferring with each other in good faith to attempt to resolve the dispute.

68.     <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties represents that such person has the authority to execute this Agreement.

69.     <u>Binding Upon Successors and Assigns</u>.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties, as previously defined.

70.     <u>Construction</u>.  The Parties believe that the terms of this Agreement are a fair, adequate and reasonable settlement of this Action, and have arrived at this Settlement Agreement through arms-length negotiations and with the assistance of a professional and neutral mediator, taking into account all relevant factors, present and potential.  This Agreement has been drafted jointly by counsel for the Parties.  Hence, in any construction or interpretation of this Agreement, the same shall not be construed against any of the Parties.

71.     <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts.  All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

72.     <u>Defense Fees and Costs</u>.  All of Citi's and Assurant's own attorneys' fees and legal costs and expenses incurred in the Actions shall be borne by Citi and Assurant, respectively, from their own separate funds.

73.     <u>Entire Agreement</u>.  This Agreement constitutes the entire fully-integrated agreement among the Parties relating to the Settlement.  All prior or contemporaneous agreements, understandings and statements, whether oral or written, and whether by a party or its

counsel, are merged herein.  No oral or written representations, warranties or inducements of any kind have been made to any Party concerning this Agreement, other than as set forth herein.

74.    <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of New York.

75.    <u>Headings and Captions</u>.  The headings and captions in this Agreement are for convenience only and in no way define, limit, or otherwise describe the scope or intent of this Agreement, or any term of this Agreement.  Each term of this Agreement is contractual and is not merely a recital.

76.    <u>No Oral Modifications</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.  No rights hereunder may be waived except in writing.  No oral amendment or modification shall be permitted or effective.

77.    <u>Notices</u>.  Unless otherwise agreed in writing, all notices to the Parties or counsel required by the Agreement shall be made in writing and communicated by first class mail and email to the following:

If to the Named Plaintiffs or Class Counsel:

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Fax: (215) 875-4604
Email: scarson@bm.net

and

**NICHOLS KASTER, PLLP**
Kai Richter
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: krichter@nka.com

And

**GILMAN LAW LLP**
Kenneth G. Gilman
Beachway Professional Center Tower
3301 Bonita Beach Road, Suite 202
Bonita Springs, FL 34134
Telephone:  (239) 221-8301
Fax:  (239) 676-8224
Email: kgilman@gilmanpastor.com

If to Citi or Citi's Counsel:

**BALLARD SPAHR, LLP**
Christopher J. Willis
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-2915
Telephone: (678) 420-3900
Fax: (678)-420-9301
Email: willisc@ballardspahr.com

If to Assurant or Assurant's Counsel:

**CARLTON FIELDS JORDEN BURT**
Frank Burt
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-0805
Telephone: (202) 965-8100
Fax: (202) 965-8104
Email: fburt@cfjblaw.com

78.    <u>Retention of Jurisdiction</u>.    The Court shall retain jurisdiction to interpret, implement and enforce this Settlement Agreement.  The Parties consent to jurisdiction for this purpose.

Citibank, N.A.

_____  Date: FEB 4, 2014

By:_____

Title DIRECTOR, COUNSEL

CitiMortgage, Inc.

_____  Date:_____

By:_____

Title_____

Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance Company

_____  Date:_____

By:_____

Title_____

Gordon Casey

_____  Date:_____

Duane Skinner

_____  Date:_____

Celeste Coonan

_____  Date:_____

**APPROVED AS TO FORM AND CONTENT:**

**FOR PLAINTIFFS**

_____

Citibank, N.A.

_____     Date:_____

                                    By:_____

                                    Title_____

CitiMortgage, Inc.

_____     Date:___*Feb 4, 2014*___

                                    By:___*Amy M Cooper*___

                                    Title___*Sr. Vice President*___

Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance
Company

_____     Date:_____

                                    By:_____

                                    Title_____
Gordon Casey

_____     Date:_____
Duane Skinner

_____     Date:_____
Celeste Coonan

_____     Date:_____


**APPROVED AS TO FORM AND CONTENT:**

**FOR PLAINTIFFS**

_____

Citibank, N.A.

_____         Date:_____

                                        By:_____

                                        Title_____


CitiMortgage, Inc.

_____         Date:_____

                                        By:_____

                                        Title_____


Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance
Company

_____         Date: 2-4-2014

                                        By: RICHARD J. FORTWENGLER

                                        Title  SVP

Gordon Casey

_____         Date:_____

Duane Skinner

_____         Date:_____

Celeste Coonan

_____         Date:_____


**APPROVED AS TO FORM AND CONTENT:**

**FOR PLAINTIFFS**


_____

28

Citibank, N.A.

_____          Date: _____

                                 By: _____

                                 Title _____

CitiMortgage, Inc.

_____          Date: _____

                                 By: _____

                                 Title _____

Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance Company

_____          Date: _____

                                 By: _____

Gordon Casey                     Title _____

_Gordon Casey_                   Date: _2 - 4 - 14_

Duane Skinner

_____          Date: _____

Celeste Coonan

_____          Date: _____

# APPROVED AS TO FORM AND CONTENT:

## FOR PLAINTIFFS

_____

28

Citibank, N.A.

Date:

By:

Title:

LoanDepot, Inc.

Date:

By:

Title:

Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance Company

Date:

By:

Title:

_____                    Date:

_____                    Date: 2/5/10

_____                    Date:

APPROVED AS TO FORM AND CONTENT
FOR PLAINTIFFS

26

Citibank, N.A.

_____     Date: _____

                            By: _____

                            Title _____

CitiMortgage, Inc.

_____     Date: _____

                            By: _____

                            Title _____

Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance
Company

_____     Date: _____

                            By: _____

Gordon Casey                Title _____

_____     Date: _____

Duane Skinner

_____     Date: _____

Celeste Coonan

_____     Date: 2/4/14

APPROVED AS TO FORM AND CONTENT:

FOR PLAINTIFFS

_____

28

Citibank, N.A.

_____     Date:_____

By:_____

Title_____

CitiMortgage, Inc.

_____     Date:_____

By:_____

Title_____

Assurant, Inc., Standard Guaranty Insurance Company, and American Security Insurance Company

_____     Date:_____

By:_____

Title_____

Gordon Casey

_____     Date:_____

Duane Skinner

_____     Date:_____

Celeste Coonan

_____     Date:_____

**APPROVED AS TO FORM AND CONTENT:**

**FOR PLAINTIFFS**

_____

28

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
Glen Abramson
Patrick Madden
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Fax: (215) 875-4604
Email: scarson@bm.net
      gabramson@bm.net
      pmadden@bm.net

**NICHOLS KASTER, PLLP**
Kai Richter
E. Michelle Drake
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: krichter@nka.com
      drake@nka.com

**GILMAN LAW LLP**
Kenneth G. Gilman
Jason C. Nelson
Beachway Professional Center Tower
3301 Bonita Beach Road, Suite 202
Bonita Springs, FL 34134
Telephone: (239) 221-8301
Fax: (239) 676-8224
Email: kgilman@gilmanpastor.com

**TAUS, CEBULASH & LANDAU, LLP**
Brett Cebulash
Kevin S. Landau
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
Fax: (212) 931-0703
Email: bcebulash@tcllaw.com
      klandau@tcllaw.com


**FOR CITIBANK, N.A. and CITIMORTGAGE, INC.**

29

**BALLARD SPAHR, LLP**
Christopher J. Willis
Sarah T. Reise
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-2915
Telephone: (678) 420-3900
Fax: (678)-420-9301
Email: willisc@ballardspahr.com
        reises@ballardspahr.com

**FOR ASSURANT, INC., STANDARD GUARANTY INSURANCE COMPANY, and
AMERICAN SECURITY INSURANCE COMPANY**

**CARLTON FIELDS JORDEN BURT**
Frank Burt
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-0805
Telephone: (202) 965-8100
Fax: (202) 965-8104
Email: fburt@cfjblaw.com

30

**BALLARD SPAHR, LLP**
Christopher J. Willis
Sarah T. Reise
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-2915
Telephone: (678) 420-3900
Fax: (678)-420-9301
Email: willisc@ballardspahr.com
       reises@ballardspahr.com

**FOR ASSURANT, INC., STANDARD GUARANTY INSURANCE COMPANY, and AMERICAN SECURITY INSURANCE COMPANY**

**CARLTON FIELDS JORDEN BURT**
Frank Burt
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-0805
Telephone: (202) 965-8100
Fax: (202) 965-8104
Email: fburt@cfjblaw.com

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GORDON CASEY and DUANE SKINNER, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>CITIBANK, N.A. and CITIMORTGAGE, INC.,<br><br>     Defendants. | Civil Action No.: 5:12-cv-820<br><br>**NOTICE OF CLASS ACTION SETTLEMENT** |

**THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT.
PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.
<u>YOU ARE ENTITLED TO MONEY FROM THIS SETTLEMENT</u>**

This is an important notice from the United States District Court for the Northern District of New York (the "Court") regarding a proposed class action settlement and upcoming hearing in the above-referenced class action lawsuit that may affect your rights.  This notice is being sent to you because **you have been identified as a Settlement Class Member in this lawsuit and therefore are entitled to money under the proposed Settlement.  IN ORDER TO RECEIVE YOUR COMPENSATION FROM THIS SETTLEMENT, YOU MUST COMPLETE, SIGN, AND RETURN THE ENCLOSED CLAIM FORM BY [INSERT DATE].**

**I.**  **<u>BACKGROUND AND SUMMARY OF LITIGATION</u>**

This class action lawsuit alleges that Defendants Citibank, N.A. and CitiMortgage, Inc. (collectively, "Citi") violated the legal rights of borrowers who reside in flood zones by unlawfully forcing them to carry excessive flood insurance coverage for their property and by improperly profiting from the force-placement of flood insurance.  Citi denies that it has acted unlawfully, but has agreed to enter into this Settlement to resolve these allegations.

The Court has preliminarily approved the Settlement and has certified the following class for settlement purposes:

> All persons who were charged by Citi for lender-placed flood insurance (unless such charge was flat cancelled and refunded in full) in connection with a mortgage loan, home equity loan, or home equity line of credit secured by property in the United States during the time period from May 17, 2006 through [preliminary approval date] (the "Flood Settlement Class").

## II.     SUMMARY OF THE PROPOSED SETTLEMENT

The Court certified the Flood Settlement Class and preliminarily approved the settlement on [INSERT DATE].  The Settlement Agreement provides for the following relief:

### A.     Monetary Relief for Flood Settlement Class Members

Pursuant to the Settlement, Citi has agreed to pay each Flood Settlement Class Member who timely returns a Claim Form ("Flood Claimant") a Flood Settlement Payment equal to eight percent (8%) of the net amount of premiums that Citi charged such Flood Claimant for all lender-placed flood insurance placements during the time period from May 17, 2006 through [insert preliminary approval date] (the "Flood Class Period") (meaning 8% of the total amount of premiums that Citi charged such Flood Claimant less any refunds of premiums that were issued).

A Claim Form is enclosed with this Notice of Class Action Settlement, and additional copies may be obtained on the Settlement Website at www.CMImortgageinsurancesettlement.com.  In order to receive compensation from this Settlement, YOU MUST SUBMIT A CLAIM FORM BY [INSERT DATE].

Flood Claimants who paid their lender-placed flood insurance and/or who do not have an active mortgage escrow account with Citi will receive their Flood Settlement Payment by check. For purposes of this payment determination, "Flood Claimants who paid their lender-placed flood insurance" refers to Flood Claimants who made at least one full monthly mortgage payment including a portion of the charge for the lender-placed flood insurance to Citi after either: (a) their existing escrow account was adjusted to charge the premium for the lender-placed flood insurance; or (b) their created escrow account was charged for the premium for lender-placed flood insurance.  All other Flood Claimants with active mortgage escrow accounts who were charged for lender-placed flood insurance but who did not pay at least one full monthly loan payment after their account was charged for lender-placed flood insurance will receive their Flood Settlement Payment via escrow credit or check, at Citi's election.

Flood Claimants who are issued their Flood Settlement Payments by check will have 180 days to cash their settlement check (the "Payment Period").  Any checks that remain uncashed following the Payment Period will be paid to a non-profit organization, the Low Income Investment Fund or another entity approved by the Court.

During the Flood Class Period, the total net written flood insurance premiums charged by Citi to Flood Settlement Class Members were approximately $173 million, and 8% of this amount (the "Flood Settlement Value") therefore is $13.84 million.  This is the value of the Flood Settlement if all Flood Settlement Class Members submit timely Claim Forms.  Pursuant to this Settlement, Citi will make the full amount of the Flood Settlement Value available to Flood Settlement Class Members in addition to any attorneys' fees and costs, any service award to the Named Plaintiffs, and all fees and costs of the Claims Administrator that are awarded by the Court.

Flood Settlement Class Members who have made or who make a claim for property damage in the future on their lender-placed flood insurance will not be affected in any way as a result of their participation in this Settlement, and may participate in this Settlement to the same extent as Flood Settlement Class Members who have not made a claim on their lender-placed flood insurance.  In addition, there will be no offset to any amount received by any Flood Claimant under this Settlement to account for any payments that the Flood Claimant received or may receive under the National Mortgage Settlement ("NMS") or any other settlement between the Defendants and any governmental or private entity, including the Office of the Comptroller of the Currency (the "OCC").

**B.**     **Instructions for Completing the Claim Form**

In order to receive monetary relief from the Settlement, you must: (a) complete the enclosed Class Action Claim Form (the "Claim Form") in its entirety; (b) sign the Claim Form where indicated on the first page of the Claim Form; (c) provide proof of your identity in any one of the three forms indicated at the bottom of the first page of the Claim Form; and (d) submit the completed and signed Claim Form via *either* mail, fax, email, or online to the Claims Administrator by [deadline date].

How to complete the Claim Form:

    a.   Claimant(s) Name(s) – Provide your name.  Include both account holders if more than one person is a party to the Citi account or mortgage.

    b.   Claimant(s) Current Address (if different from address on the envelope enclosing this form) – Provide your current address if that address is different that the address on the envelope enclosing the Claim Form.

    c.   Claimaint(s) Telephone Number – Provide your telephone number where you may be reached if there are any questions or issues regarding your claim.

    d.   Claimaint(s) Email Address – Provide your email address where you may be reached if there are any questions or issues regarding your claim.

    e.   Claimant(s) Social Security Number (last four digits only) – Provide the last four digits of your social security number.  **NOTE: You do not need to provide your complete social security number, only the last four digits.**

    f.   Question – Mark the box that best answers the question regarding your payment for lender-placed flood insurance.

        i.  If you made at least one full monthly mortgage payment between ____ and ____ to CitiMortgage after your existing escrow account was adjusted to charge you the premium for lender-placed flood insurance, mark the box labeled "PAID."

3

    ii.   If you made at least one full monthly mortgage payment between ____ and ____ to CitiMortgage after a <u>new</u> escrow account was created for you by CitiMortgage to charge you the premium for lender-placed flood insurance, mark the box labeled "PAID."

    iii.   If you did not make at least one full monthly mortgage payment between ____ and ____ to CitiMortgage after either (a) your existing escrow account was adjusted to charge you the premium for lender-placed flood insurance; or (b) an escrow account was created for you by CitiMortgage to charge you the premium for lender-placed flood insurance, mark the box labeled "UNPAID."

g.   <u>Declaration and Signature</u> – Before signing your Claim Form, review the information you have provided and read the three statements under the question box.  If all three statements are true, and if all other information provided on the Claim Form is true and correct, sign and date the Claim Form where indicated.

h.   <u>Proof of Identity is Required to Receive a Check</u> – If you paid all or part of the premium charged by CitiMortgage for lender-placed flood insurance, in addition to completing and signing the Claim Form, you must provide proof of your identity by also submitting **one** of the following:

    i.   A copy of a Photo ID that contains a photograph of the Claimant(s); **<u>OR</u>**

    ii.   A copy of a CitiMortgage Account Statement issued to Claimant(s); **<u>OR</u>**

    **iii.**   A signed Witness Verification form listing the name, address, and telephone number of a person who witnessed the Claimant sign the Claim Form.  **NOTE: You only need to return the Witness Verification form if you are requesting a check and are <u>not</u> including a copy of a Photo ID or a CitiMortgage Account Statement with you Claim Form**

i.   <u>A Completed and Signed Claim Form (But Not Proof of Identity) is Required to Receive and Escrow Credit</u> – If you were charged for lender-placed flood insurance by CitiMortgage and still owe and have not paid that premium, you must complete and sign the Claim Form in order to receive a Settlement Payment in the form of an escrow credit. However, you need not provide Proof of Identity.

j.   <u>Submitting the Claim Form</u> – You must submit the completed and signed Claim Form, along with Proof of Identity (for Claimants who paid all or part of the premium charged by CitiMortgage for lender-placed flood

4

insurance and who wish to receive the Settlement Payment in the form of a check) by [deadline date] in any of the following ways:

    i.   <u>Mail to</u>: [KCC], [settlement address]

    ii.   <u>Fax to</u>: XXX-XXX-XXXX

    iii.   <u>Email to</u>: xxxxxxxx.com

    iv.   <u>Online via</u>: www.CMImortgageinsurancesettlement.com

All submitted Claim Forms will be reviewed by the Claims Administrator.

**C.**    <u>**Injunctive Relief (meaning Court-ordered mandates with respect to Citi's flood insurance policies and practices**</u>**)**

    1.   <u>No Compensation to Citi in Connection with Lender-Placed Flood Insurance</u>.  For a period of six (6) years from the date this settlement becomes effective, Citi and its affiliates shall not accept any commissions, qualified expense reimbursements, administrative payments, reinsurance payments, or compensation of any kind in connection with lender-placed flood insurance from any insurance vendor or any affiliate of an insurance vendor (other than payments on damage claims), and Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company (collectively, "Assurant") and their affiliates shall not offer such compensation to Citi or its affiliates in connection with lender-placed flood insurance. In addition, Citi shall not accept (and Assurant and its affiliates shall not provide to Citi) any free or below-cost outsourced services in connection with lender-placed flood insurance.  However, outsourced services shall not include expenses associated with tracking functions that Assurant incurs for its own benefit to identify and protect itself from: (a) exposure to loss premium and losses on properties in which no other insurance coverage is in effect; or (b) administrative costs associated with providing and subsequently canceling lender-placed insurance policies on properties on which lender-placed insurance is not required.

    2.   <u>Amount of Lender-Placed Flood Insurance Coverage</u>.  For a period of six (6) years from the date this settlement becomes effective, Citi shall not charge Flood Settlement Class Members for lender-placed flood insurance coverage in excess of their last known coverage amount ("LKCA"), or, if the LKCA is unavailable, their unpaid principal balance (not to exceed replacement cost value, if known), provided that the LKCA is at least equal to the amount required by federal law and any investor requirements applicable to the Flood Settlement Class Members' loans.

    3.   <u>Review of Existing Lender-Placed Flood Insurance Coverage</u>.  Within 30 days of the date this settlement becomes effective, Citi shall undertake a review of all active Flood Settlement Class Member accounts to determine which accounts previously had their flood insurance coverage requirements increased by Citi (either as a result of Citi increasing its flood insurance coverage requirements for Citi accounts or as a result of being transferred to Citi from another lender/servicer with more lenient coverage requirements).  If Citi determines that any Flood Settlement Class Members with active accounts had their flood insurance coverage

requirements increased by Citi (or any Flood Settlement Class Members independently demonstrate to Citi that their coverage requirements were increased by Citi), Citi shall send a letter ("Coverage Letter") to such Flood Settlement Class Members with secured property in a special flood hazard area ("SFHA"), within 30 days of the date this settlement becomes effective, which provides such Flood Settlement Class Members the option to maintain flood insurance coverage equal to the lesser of the following amounts (provided that such amounts are sufficient to satisfy federal requirements and any applicable investor requirements):

    a. The replacement cost value ("RCV") of the structures on their property (using the Flood Settlement Class Member's hazard insurance coverage as a proxy for RCV);

    b. The maximum amount of flood insurance coverage available under the National Flood Insurance Program (currently $250,000); or

    c. The unpaid principal balance ("UPB") of all liens secured by the property in the SFHA (whether owed to Citi or another lender).[1]

In order to exercise this option, eligible Flood Settlement Class Members will be required to return a form that shall be included with the Coverage Letter.  To the extent that eligible Flood Settlement Class Members exercise their option to maintain flood insurance coverage equal to the lesser of the three coverage amounts outlined above, Citi shall honor such election for the life of their loan or line of credit, provided that these amounts are sufficient to satisfy federal requirements and investor requirements.  Notwithstanding the above, there shall be no refunds to any Flood Settlement Class Member for any previously-placed or previously-purchased flood insurance, other than the Flood Settlement Payments specified in the Settlement Agreement.  The relief provided in this paragraph is prospective only.

    4.   <u>Maintenance of Preferred Policies</u>.  Prior to purchasing lender-placed flood insurance for any borrower whose existing coverage has lapsed, and for a period of six (6) years from the date this settlement becomes effective, Citi shall attempt to renew such Flood Settlement Class Member's previously-existing flood insurance coverage, provided that: (a) the loan is escrowed with Citi; and (b) Citi receives a copy of the invoice from the borrower's carrier and a request from the borrower stating that the flood insurance premiums have not been paid by the borrower and identifying the amount of premiums required to continue the borrower's existing coverage. The borrower shall be responsible for all funds advanced pursuant to this paragraph.

    5.   <u>Notice Requirements</u>.  Citi shall comply with all advance notice requirements that apply to lender-placed flood insurance under federal law.

    6.   <u>Conflicts With Regulatory Requirements</u>.  If there is a conflict between any provision of this settlement and any statute, rule, regulation, or formal or informal regulatory guidance (collectively, "Regulatory Requirement") applicable now or in the future to Citi's

---

[1] As a condition of exercising this option, Citi may require eligible Flood Settlement Class Members to provide information concerning the existence and/or amount of any liens which are not serviced by Citi.

practices with respect to lender-placed flood insurance, the Regulatory Requirement shall control, and the specific portion of this settlement in conflict with such Regulatory Requirement shall be of no further force or effect.  If this occurs, the remainder of this settlement will remain in full force and effect.  Citi represents that it is not presently aware of any such conflict.

## III.   Release of Claims

In exchange for the monetary and injunctive relief provided by the settlement, all Flood Settlement Class Members who do not timely exclude themselves by opting out of the settlement will release Citi, Citi Assurance Services, Inc., and Assurant and each and all of their respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives (collectively, the "Released Parties"), from all lender-placed flood insurance claims asserted against Citi in the action, *Casey v. Citibank, N.A., et al.*, No.: 5:12-cv-820 (N.D.N.Y) (the "Action"), and any related claims which could be asserted against Citi or Assurant in connection with lender-placed flood insurance on mortgage loans, home equity loans, or home equity lines of credit serviced by Citi during the Flood Class Period, based upon the allegations set forth in the complaint filed in the Action (including, without limitation, all claims relating to the authority to purchase lender-placed insurance, amount of lender-placed insurance premiums, amount of lender-placed insurance coverage, the timing of placement of the lender-placed insurance, the period for which lender-placed insurance was purchased, and the commissions, so-called kickbacks and any other benefits received by Citi, including Citi Assurance Services, Inc., related to lender-placed insurance) ("Released Claims").

The Settlement Agreement sets forth the Class Release as follows:

> Subject to the approval of the Court and in consideration of the benefits inuring to the Named Plaintiffs and the Settlement Class Members hereto, upon entry of the Final Approval Order, the Named Plaintiffs and each Settlement Class Member and his or her assigns, heirs, successors and personal representatives shall hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims that exist in their favor through the date of this Settlement Agreement.  The Named Plaintiffs and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims.

If the proposed settlement is approved by the Court, a judgment will be entered by the Court following the Final Fairness Hearing, which will dismiss with prejudice the Released

Claims as set forth above.  This release will not affect in any way any claim for coverage under any insurance policy, including any lender-placed insurance policy.

## IV.     Your Legal Rights and Options

**In order to receive monetary relief from this Settlement, YOU MUST RETURN A COMPLETED COPY OF THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY [Insert Date].**  You may submit your Claim Form to the Claims Administrator, using any one of the following options:

- By mailing it to the following address:

> [KCC, LLC]
> [ADDRESS]
> [STATE] [CITY] [ZIP]

- By facsimile, by faxing a copy of your completed Claim Form to INSERT FAX NUMBER

- By email, by emailing a copy of your completed Claim Form to INSERT EMAIL ADDRESS

- By submitting your Claim Form online, by uploading it using the Settlement Website, which is www.CMImortgageinsurancesettlement.com

You are only required to submit one Claim Form regardless of how many times you were subjected to lender-placed flood insurance by Citi during the Class Period.

If you do not wish to participate in this Settlement, and want to be excluded from the Settlement Class, you must send a letter to the Claims Administrator at the address above, postmarked no later than [INSERT DATE], requesting exclusion from the settlement ("opt-out"). Your written request for exclusion must contain your name, address, telephone number and email address, and be personally signed by you.  No opt out request may be made on behalf of a group of Flood Settlement Class Members.  Any Flood Settlement Class Member who requests exclusion from (opts out of) the Settlement will not be bound by the Settlement Agreement, and will not have any right to object, appeal or comment thereon.  If you exclude yourself, you will not receive any compensation under the Settlement, but you will keep your right to sue any or all of the Released Parties on your own at your expense.

If you wish to object to the Settlement, you must mail a written statement of objection to the Clerk of Court, to Class Counsel and Defense Counsel at the addresses below no later than [INSERT DATE]:

To the Court:

      Clerk of Court
      United States District Court
        for the Northern District of New York
      Alexander Pirnie Federal Building
      10 Broad Street
      Utica, NY  13501-1233

To Class Counsel:

      **BERGER & MONTAGUE, P.C.**
      Shanon J. Carson
      1622 Locust Street
      Philadelphia, PA 19103
      Telephone: (215) 875-4656
      Fax: (215) 875-4604
      Email: scarson@bm.net

      and

      **NICHOLS KASTER, PLLP**
      Kai Richter
      4600 IDS Center
      80 South Eighth Street
      Minneapolis, MN 55402
      Telephone: (612) 256-3200
      Fax: (612) 215-6870
      Email: krichter@nka.com

To counsel for Citibank, N.A. and CitiMortgage, Inc.:

      **BALLARD SPAHR, LLP**
      Christopher J. Willis
      999 Peachtree Street, Suite 1000
      Atlanta, GA 30309-2915
      Telephone: (678) 420-3900
      Fax: (678)-420-9301
      Email: willisc@ballardspahr.com

To counsel for Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company:

      **CARLTON FIELDS JORDEN BURT**
      Frank Burt
      1025 Thomas Jefferson Street, NW
      Suite 400 East

> Washington, DC 20007-0805
> Telephone: (202) 965-8100
> Fax: (202) 965-8104
> Email: fburt@cfjblaw.com

In your written statement, you must set forth: (a) the case name and number; (b) the basis for your objection; (c) your name, address, telephone number, and email address; (d) a statement of whether the you intend to appear at the Final Approval Hearing, either with or without counsel; and (e) personally sign your objection.  Flood Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.  If you object to the Settlement, you will remain a Flood Settlement Class Member, and will be bound by the terms of the Settlement and the release specified above, regardless of whether your objection is accepted or rejected by the Court.

## V.       The Final Approval Hearing

On [INSERT DATE], at [INSERT TIME], before the Honorable David N. Hurd, in the United States Courthouse, Alexander Pirnie Federal Building, 10 Broad Street, Utica, NY 13501-1233, the Court will hold a Final Approval Hearing to determine whether to grant final approval to the Settlement and determine the appropriate amount of attorneys' fees and costs to award to counsel for the Flood Settlement Class and any service award to the Named Plaintiffs.  You may attend this hearing but are not required to do so.  You may also enter an appearance in the case through your own attorney, if you so desire.

You may review a copy of the Settlement Agreement and other documents that are relevant to this case, including Class Counsel's Motion for Attorneys' Fees and Costs (when it is filed), at the Settlement Website, .  You may also review a copy of the Settlement Agreement at the Clerk's Office at the Court U.S. District Court for the Northern District of New York, Alexander Pirnie Federal Building, 10 Broad Street, Utica, NY 13501-1233.

## VI.      How to Obtain Additional Information

This Notice of Class Action Settlement provides a summary of the proposed Settlement Agreement.  If you have any questions concerning this Settlement, you should visit the Settlement Website, www.CMImortgageinsurancesettlement.com.  If you have further questions after visiting the Settlement Website, or need any assistance in completing the Claim Form, you may call the Claims Administrator at [INSERT 1-800 NUMBER], or mail or email your inquiry to the Claims Administrator at the address below:

> KCC, LLC
> [ADDRESS]
> [STATE] [CITY] [ZIP]

You may also contact Class Counsel directly, as follows:

10

Shanon J. Carson
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604
Email: scarson@bm.net

NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3270
Fax: (612) 215-6870

**<u>PLEASE DO NOT CONTACT THE COURT</u>**

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CELESTE COONAN on behalf of all others similarly situated, | Civil Action No.: 1:13-cv-00353 |
| Plaintiff, | **NOTICE OF CLASS ACTION SETTLEMENT** |
| v. | |
| CITIBANK, N.A., CITIMORTGAGE, INC., ASSURANT, INC., AMERICAN SECURITY INSURANCE COMPANY, AND STANDARD GUARANTY INSURANCE COMPANY, | |
| Defendants. | |

**THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT.
PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.
YOU ARE ENTITLED TO MONEY FROM THIS SETTLEMENT**

This is an important notice from the United States District Court for the Northern District of New York (the "Court") regarding a proposed class action settlement and upcoming hearing in the above-referenced class action lawsuit that may affect your rights.  This notice is being sent to you because **you have been identified as a Settlement Class Member in this lawsuit and therefore are entitled to money under the proposed Settlement.  IN ORDER TO RECEIVE YOUR COMPENSATION FROM THIS SETTLEMENT, YOU MUST COMPLETE, SIGN, AND RETURN THE ENCLOSED CLAIM FORM BY [INSERT DATE].**

## I.    BACKGROUND AND SUMMARY OF LITIGATION

This class action lawsuit alleges that Defendants Citibank, N.A. and CitiMortgage, Inc. (collectively, "Citi") violated the legal rights of borrowers by improperly profiting from the force-placement of hazard insurance through Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company) (collectively, "Assurant"), which paid allegedly unlawful commissions to an affiliate Citi.  Both Citi and Assurant deny that they have acted unlawfully, but have agreed to enter into this Settlement to resolve these allegations.

The Court has preliminarily approved the Settlement and has certified the following class for settlement purposes:

> All persons who were charged by Citi for lender-placed hazard insurance (unless such charge was flat cancelled and refunded in full) in connection with a mortgage loan, home equity loan, or home equity line of credit secured by property in the United States during the time period from

January 1, 2007 through <mark>[preliminary approval date</mark>] (the "Hazard Settlement Class").  For purposes of this class definition, the term hazard insurance includes insurance against any type of hazard (*e.g.*, fire, windstorm, etc.), except for floods.

## II.     SUMMARY OF THE PROPOSED SETTLEMENT

The Court certified the Hazard Settlement Class and preliminarily  approved the settlement on <mark>[INSERT DATE]</mark>.  The Settlement Agreement provides for the following relief:

### A.     Monetary Relief for Hazard Settlement Class Members

Pursuant to the Settlement, Citi has agreed to pay each Hazard Settlement Class Member who timely returns a Claim Form ("Hazard Claimant") a Hazard Settlement Payment equal to twelve and one-half percent (12.5%) of the net amount of premiums that Citi charged such Hazard Claimant for all lender-placed hazard insurance placements during the time period from January 1, 2007 through <mark>[insert preliminary approval date]</mark> (the "Hazard Class Period") (meaning 12.5% of the total amount of premiums that Citi charged such Hazard Claimant less any refunds of premiums that were issued), except that stand-alone windstorm insurance placements shall be reimbursed at a rate of eight percent (8%).

A Claim Form is enclosed with this Notice of Class Action Settlement, and additional copies may be obtained on the Settlement Website at www.CMImortgageinsurancesettlement.com.   In order to receive compensation from this Settlement, YOU MUST SUBMIT A CLAIM FORM BY <mark>[INSERT DATE]</mark>.

Hazard Claimants who paid their lender-placed hazard insurance and/or who do not have an active mortgage escrow account with Citi will receive their Hazard Settlement Payment by check.  For purposes of this payment determination, "Hazard Claimants who paid their lender-placed hazard insurance" refers to Hazard Claimants who made at least one full monthly mortgage payment including a portion of the charge for the lender-placed hazard insurance to Citi after either: (a) their existing escrow account was adjusted to charge the premium for the lender-placed hazard insurance; or (b) their created escrow account was charged for the premium for lender-placed hazard insurance.  All other Hazard Claimants with active mortgage escrow accounts who were charged for lender-placed hazard insurance but who did not pay at least one full monthly loan payment after their account was charged for lender-placed hazard insurance will receive their Hazard Settlement Payment via escrow credit or check, at Citi's election.

Hazard Claimants who are issued their Hazard Settlement Payments by check will have 180 days to cash their settlement check (the "Payment Period").  Any checks that remain uncashed following the Payment Period will be paid to a non-profit organization, the Low Income Investment Fund or another entity approved by the Court.

During the Hazard Class Period, the total net written hazard insurance premiums charged by Citi to Hazard Settlement Class Members were approximately $758 million, and 12.5% of this

2

amount is $94.75 million.  During the same period, the total net written stand-alone windstorm insurance premiums charged by Citi to Hazard Settlement Class Members were approximately $21 million, and 8% of this amount is therefore $1.68 million.  Accordingly, the total value of the Settlement as to all forms of Hazard Insurance (the "Hazard Settlement Value") is $96.4 million.  This is the value of the Settlement if all Hazard Settlement Class Members submit timely Claim Forms.  Pursuant to this Settlement, Citi will make the full amount of the Hazard Settlement Value available to Hazard Settlement Class Members <u>in addition to</u> any attorneys' fees and costs, any service award to the Named Plaintiffs, and all fees and costs of the Claims Administrator that are awarded by the Court.

Hazard Settlement Class Members who have made or who make a claim for property damage in the future on their lender-placed hazard insurance will not be affected in any way as a result of their participation in this Settlement, and may participate in this Settlement to the same extent as Hazard Settlement Class Members who have not made a claim on their lender-placed hazard insurance.  In addition, there will be no offset to any amount received by any Hazard Claimant under this Settlement to account for any payments that the Claimant received or may receive under the National Mortgage Settlement ("NMS") or any other settlement between the Defendants and any governmental or private entity, including the Office of the Comptroller of the Currency (the "OCC").

**B.      <u>Instructions for Completing the Claim Form</u>**

In order to receive monetary relief from the Settlement, you must: (a) complete the enclosed Class Action Claim Form (the "Claim Form") in its entirety; (b) sign the Claim Form where indicated on the first page of the Claim Form; (c) provide proof of your identity in any one of the three forms indicated at the bottom of the first page of the Claim Form; and (d) submit the completed and signed Claim Form via *either* mail, fax, email, or online to the Claims Administrator by <mark>[deadline date]</mark>.

How to complete the Claim Form:

     a.  <u>Claimant(s) Name(s)</u> – Provide your name.  Include both account holders if more than one person is a party to the Citi account or mortgage.

     b.  <u>Claimant(s) Current Address (if different from address on the envelope enclosing this form)</u> – Provide your current address if that address is different that the address on the envelope enclosing the Claim Form.

     c.  <u>Claimaint(s) Telephone Number</u> – Provide your telephone number where you may be reached if there are any questions or issues regarding your claim.

     d.  <u>Claimaint(s) Email Address</u> – Provide your email address where you may be reached if there are any questions or issues regarding your claim.

     e.  <u>Claimant(s) Social Security Number (last four digits only)</u> – Provide the last four digits of your social security number.  **NOTE: You do <u>not</u> need to provide your complete social security number, only the last four digits.**

3

f.  <u>Question</u> – Mark the box that best answers the question regarding your payment for lender-placed hazard insurance.

    i.  If you made at least one full monthly mortgage payment between <mark>    </mark> and <mark>    </mark> to CitiMortgage after your existing escrow account was adjusted to charge you the premium for lender-placed hazard insurance, mark the box labeled "PAID."

    ii.  If you made at least one full monthly mortgage payment between <mark>    </mark> and <mark>    </mark> to CitiMortgage after a new escrow account was created for you by CitiMortgage to charge you the premium for lender-placed hazard insurance, mark the box labeled "PAID."

    iii.  If you did not make at least one full monthly mortgage payment between <mark>    </mark> and <mark>    </mark> to CitiMortgage after either (a) your existing escrow account was adjusted to charge you the premium for lender-placed hazard insurance; or (b) an escrow account was created for you by CitiMortgage to charge you the premium for lender-placed hazard insurance, mark the box labeled "UNPAID."

g.  <u>Declaration and Signature</u> – Before signing your Claim Form, review the information you have provided and read the three statements under the question box.  If all three statements are true, and if all other information provided on the Claim Form is true and correct, sign and date the Claim Form where indicated.

h.  <u>Proof of Identity is Required to Receive a Check</u> –If you paid all or part of the premium charged by CitiMortgage for lender-placed hazard insurance, in addition to completing and signing the Claim Form, you must provide proof of your identity by also submitting **one** of the following:

    i.  A copy of a Photo ID that contains a photograph of the Claimant(s); **<u>OR</u>**

    ii.  A copy of a CitiMortgage Account Statement issued to Claimant(s); **<u>OR</u>**

    **iii.**  A signed Witness Verification form listing the name, address, and telephone number of a person who witnessed the Claimant sign the Claim Form.  **NOTE: You only need to return the Witness Verification form if you are requesting a check and are <u>not</u> including a copy of a Photo ID or a CitiMortgage Account Statement with you Claim Form**

i.  <u>A Completed and Signed Claim Form (But Not Proof of Identity) is Required to Receive an Escrow Credit</u> – If you were charged for lender-placed hazard insurance by CitiMortgage and still owe and have not paid

4

that premium, you must complete and sign the Claim Form in order to receive a Settlement Payment in the form of an escrow credit. However, you need not provide Proof of Identity.

j.  <u>Submitting the Claim Form</u> – You must submit the completed and signed Claim Form, along with Proof of Identity (for Claimants who paid all or part of the premium charged by CitiMortgage for lender-placed hazard insurance and who wish to receive the Settlement Payment in the form of a check) by [deadline date] in any of the following ways:

   i.  <u>Mail to</u>: [KCC], [settlement address]

   ii.  <u>Fax to</u>: XXX-XXX-XXXX

   iii.  <u>Email to</u>: xxxxxxxx.com

   iv.  <u>Online via</u>: www.CMImortgageinsurancesettlement.com

All submitted Claim Forms will be reviewed by the Claims Administrator.

**C.  <u>Injunctive Relief (meaning Court-ordered mandates with respect to Citi's hazard insurance policies and practices)</u>**

1.  <u>No Compensation to Citi in Connection with Lender-Placed Hazard Insurance</u>. For a period of six (6) years from the date this settlement becomes effective, Citi and its affiliates shall not accept any commissions, qualified expense reimbursements, administrative payments, reinsurance payments, or compensation of any kind in connection with lender-placed hazard insurance from any insurance vendor or any affiliate of an insurance vendor (other than payments on damage claims), and Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company (collectively, "Assurant") and their affiliates shall not offer such compensation to Citi or its affiliates in connection with lender-placed hazard insurance. In addition, Citi shall not accept (and Assurant and its affiliates shall not provide to Citi) any free or below-cost outsourced services in connection with lender-placed hazard insurance. However, outsourced services shall not include expenses associated with tracking functions that Assurant incurs for its own benefit to identify and protect itself from: (a) exposure to loss premium and losses on properties in which no other insurance coverage is in effect; or (b) administrative costs associated with providing and subsequently canceling lender-placed insurance policies on properties on which lender-placed insurance is not required.

2.  <u>Amount of Lender-Placed Hazard Insurance Coverage</u>. For a period of six (6) years from the date this settlement becomes effective, Citi shall not charge Hazard Settlement Class Members for lender-placed hazard insurance coverage in excess of the greater of (a) their LKCA or (b) their unpaid principal balance (not to exceed replacement cost value, if known).

3.  <u>Maintenance of Preferred Policies</u>. Prior to purchasing lender-placed hazard insurance for any borrower whose existing coverage has lapsed, and for a period of six (6) years from the date this settlement becomes effective, Citi shall attempt to renew such Settlement

Class Member's previously-existing hazard insurance coverage, provided that: (a) the loan is escrowed with Citi; and (b) Citi receives a copy of the invoice from the borrower's carrier and a request from the borrower stating that the hazard insurance premiums have not been paid by the borrower and identifying the amount of premiums required to continue the borrower's existing coverage. The borrower shall be responsible for all funds advanced pursuant to this paragraph.

        4.    <u>Notice Requirements</u>.  Citi shall comply with all advance notice requirements that apply to lender-placed hazard insurance under federal law.

        5.    <u>Conflicts With Regulatory Requirements</u>.  If there is a conflict between any provision of this settlement and any statute, rule, regulation, or formal or informal regulatory guidance (collectively, "Regulatory Requirement") applicable now or in the future to Citi's practices with respect to lender-placed hazard insurance, the Regulatory Requirement shall control, and the specific portion of this settlement in conflict with such Regulatory Requirement shall be of no further force or effect.  If this occurs, the remainder of this settlement will remain in full force and effect.  Citi represents that it is not presently aware of any such conflict.

## III.   **Release of Claims**

In exchange for the monetary and injunctive relief provided by the settlement, all Hazard Settlement Class Members who do not timely exclude themselves by opting out of the settlement will release Citi, Citi Assurance Services, Inc., and Assurant and each and all of their respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives (collectively, the "Released Parties"), from all lender-placed hazard insurance claims asserted against Citi in the action, *Coonan v. Citibank, N.A., et al.*, No.: 1:13-cv-00353 (N.D.N.Y) (the "Action"), and any related claims which could be asserted against Citi or Assurant in connection with lender-placed hazard insurance on mortgage loans, home equity loans, or home equity lines of credit serviced by Citi during the Hazard Class Period, based upon the allegations set forth in the complaint filed in the Action (including, without limitation, all claims relating to the authority to purchase lender-placed insurance, amount of lender-placed insurance premiums, amount of lender-placed insurance coverage, the timing of placement of the lender-placed insurance, the period for which lender-placed insurance was purchased, and the commissions, so-called kickbacks and any other benefits received by Citi, including Citi Assurance Services, Inc., related to lender-placed insurance) ("Released Claims").

The Settlement Agreement sets forth the Class Release as follows:

> Subject to the approval of the Court and in consideration of the benefits inuring to the Named Plaintiffs and the Settlement Class Members hereto, upon entry of the Final Approval Order, the Named Plaintiffs and each Settlement Class Member and his or her assigns, heirs, successors and personal representatives shall hereby release, resolve, relinquish, and

discharge each and all of the Released Parties from each of the Released Claims that exist in their favor through the date of this Settlement Agreement.  The Named Plaintiffs and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims.

If the proposed settlement is approved by the Court, a judgment will be entered by the Court following the Final Fairness Hearing, which will dismiss with prejudice the Released Claims as set forth above.  This release will not affect in any way any claim for coverage under any insurance policy, including any lender-placed insurance policy.

## IV.  Your Legal Rights and Options

**In order to receive monetary relief from this Settlement, YOU MUST RETURN A COMPLETED COPY OF THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY [Insert Date].**  You may submit your Claim Form to the Claims Administrator, using any one of the following options:

- By mailing it to the following address:

  [KCC, LLC]
  [ADDRESS]
  [STATE] [CITY] [ZIP]

- By facsimile, by faxing a copy of your completed Claim Form to INSERT FAX NUMBER

- By email, by emailing a copy of your completed Claim Form to INSERT EMAIL ADDRESS

- By submitting your Claim Form online, by uploading it using the Settlement Website, which is www.CMImortageinsurancesettlement.com.

You are only required to submit one Claim Form regardless of how many times you were subjected to lender-placed hazard insurance by Citi during the Class Period.

If you do not wish to participate in this Settlement, and want to be excluded from the Hazard Settlement Class, you must send a letter to the Claims Administrator at the address above, postmarked no later than [INSERT DATE], requesting exclusion from the settlement ("opt-out"). Your written request for exclusion must contain your name, address, telephone number and email address, and be personally signed by you.  No opt out request may be made on behalf of a group of Hazard Settlement Class Members.  Any Hazard Settlement Class Member who requests

7

exclusion from (opts out of) the Settlement will not be bound by the Settlement Agreement, and will not have a right to object, appeal or comment thereon.  If you exclude yourself, you will not receive any compensation under the Settlement, but you will keep your right to sue any or all of the Released Parties on your own at your expense.

If you wish to object to the Settlement, you must mail a written statement of objection to the Clerk of Court, to Class Counsel and Defense Counsel at the addresses below no later than [INSERT DATE]:

To the Court:

> Clerk of Court
> United States District Court
>    for the Northern District of New York
> Alexander Pirnie Federal Building
> 10 Broad Street
> Utica, NY  13501-1233

To Class Counsel:

> **BERGER & MONTAGUE, P.C.**
> Shanon J. Carson
> 1622 Locust Street
> Philadelphia, PA 19103
> Telephone: (215) 875-4656
> Fax: (215) 875-4604
> Email: scarson@bm.net
>
> and
>
> **NICHOLS KASTER, PLLP**
> Kai Richter
> 4600 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402
> Telephone: (612) 256-3200
> Fax: (612) 215-6870
> Email: krichter@nka.com
>
> and
>
> **GILMAN LAW LLP**
> Kenneth G. Gilman
> Beachway Professional Center Tower
> 3301 Bonita Beach Road, Suite 202
> Bonita Springs, FL 34134

Telephone:  (239) 221-8301
Fax:  (239) 676-8224
Email: kgmilman@gilmanpastor.com

To counsel for Citibank, N.A. and CitiMortgage, Inc.:

**BALLARD SPAHR, LLP**
Christopher J. Willis
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-2915
Telephone: (678) 420-3900
Fax: (678)-420-9301
Email: willisc@ballardspahr.com

To counsel for Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company:

**CARLTON FIELDS JORDEN BURT**
Frank Burt
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-0805
Telephone: (202) 965-8100
Fax: (202) 965-8104
Email: fburt@cfjblaw.com

In your written statement, you must set forth: (a) the case name and number; (b) the basis for your objection; (c) your name, address, telephone number, and email address; and (d) a statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel; and you must personally sign your objection.  Hazard Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.  If you object to the Settlement, you will remain a Hazard Settlement Class Member, and will be bound by the terms of the Settlement and the release specified above, regardless of whether your objection is accepted or rejected by the Court.

## V.    The Final Approval Hearing

On [INSERT DATE], at [INSERT TIME], before the Honorable David N. Hurd, in the United States Courthouse, Alexander Pirnie Federal Building, 10 Broad Street, Utica, NY 13501-1233, the Court will hold a Final Approval Hearing to determine whether to grant final approval to the Settlement and determine the appropriate amount of attorneys' fees and costs to award to counsel for the Hazard Settlement Class and any service award to the Named Plaintiffs.  You may attend this hearing but are not required to do so.  You may also enter an appearance in the case through your own attorney, if you so desire.

You may review a copy of the Settlement Agreement and other documents that are

9

relevant to this case, including Class Counsel's Motion for Attorneys' Fees and Costs (when it is filed), at the Settlement Website, www.CMImortgageinsurancesettlement.com.  You may also review a copy of the Settlement Agreement at the Clerk's Office at the Court U.S. District Court for the Northern District of New York, Alexander Pirnie Federal Building, 10 Broad Street, Utica, NY 13501-1233.

**VI.**     **How to Obtain Additional Information**

This Notice of Class Action Settlement provides a summary of the proposed Settlement Agreement.  If you have any questions concerning this Settlement, you should visit the Settlement Website, www.CMImortgageinsurancesettlement.com.  If you have further questions after visiting the Settlement Website, or need any assistance in completing the Claim Form**,** you may call the Claims Administrator at **[INSERT 1-800 NUMBER]**, or mail or email your inquiry to the Claims Administrator at the address below:

> KCC, LLC
> [ADDRESS]
> [STATE] [CITY] [ZIP]

You may also contact Class Counsel directly, as follows:

Shanon J. Carson
BERGER & MONTAGUE, P.C.              NICHOLS KASTER, PLLP
1622 Locust Street                            4600 IDS Center
Philadelphia, PA 19103                      80 South Eighth Street
Telephone: (215) 875-4656               Minneapolis, MN 55402
Facsimile: (215) 875-4604               Telephone: (612) 256-3270
Email: scarson@bm.net                    Fax: (612) 215-6870

**PLEASE DO NOT CONTACT THE COURT**

10

Exhibit C

# If You Were Charged for Lender-Placed Insurance by CitiMortgage, You Could Get Benefits From A Class Action Settlement.

Your rights may be affected by a proposed settlement in a pair of class action lawsuits, *Casey v. Citibank, N.A. et al.*, No. 5:12-cv-820 and *Coonan v. Citibank, N.A. et al.*, No. 1:13-cv-353, in the U.S. District Court for the Northern District of New York. This notice summarizes your rights and options.

**What is this about?**

The lawsuits claim that Citibank and CitiMortgage ("Citi") unlawfully profited from force-placing hazard, wind, and flood insurance on borrowers' properties through Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company (collectively, "Assurant"). In addition, the *Casey* lawsuit alleges that Citi unlawfully forced borrowers to carry excessive flood insurance coverage for their properties. Citi and Assurant deny that they did anything wrong, but have decided to settle the lawsuits to avoid expensive litigation. The court has not decided who is right.

**What can you get?**

To receive compensation, you must submit a claim by _____, 2014. If the settlement is approved by the Court, class members who submit timely and valid claims will receive a check or escrow credit equal to (1) 12.5% of any hazard insurance premiums they were charged between January 1, 2007 and _____, 2014; (2) 8% of any wind insurance premiums they were charged during the same period; and (3) 8% of any flood insurance premiums they were charged between May 17, 2006 and _____, 2014. Claim forms are available on the official settlement website (www.CMImortgageinsurancesettlement.com), and should be sent to the CitiMortgage Claims Administrator at the address below. In addition, Citi has agreed to certain changes in its business practices under the settlement.

**Who represents you?**

The court has appointed Nichols Kaster, PLLP, Berger & Montague, P.C., Gilman Law, LLP, and Taus, Cebulash & Landau,

LLP to represent you as Class Counsel, although you can hire your own attorney to represent you at your own expense.

> ### Who's affected?
>
> Persons who were charged by CitiMortgage for lender-placed flood insurance between May 17, 2006 and _____, 2014, or were charged by CitiMortgage for lender-placed hazard or wind insurance between January 1, 2007 and _____, 2014.

Under the settlement, class counsel may request an award of up to $7 million in attorneys' fees and up to $125,000 in costs. Any attorneys' fees and costs that are awarded by the Court will be paid by Citi, and will not reduce the recovery to settlement class members.

**What are your other options?**

If you do not wish to participate in the settlement, you have the right to exclude yourself from the settlement classes. You also have the right to object to the settlement.

**If you wish to be excluded from the settlement classes**, you must send a letter to the Claims Administrator at the address below, postmarked by _____, 2014, saying you want to be excluded, with your name, address, phone number, and email. If you exclude yourself, you will keep your right to sue Citi and Assurant on your own behalf and at your own expense.

**If you wish to object to the settlement**, you must mail a written objection to the Clerk of Court, Class Counsel and Defense Counsel, postmarked by _____, 2014. The Objection must include (a) the case name and number; (b) the basis for the objection; (c) your name, address, telephone number, and email address; (d) a statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel; and be personally signed by you. Because you will remain a settlement class member, you will be bound by the terms of the settlement and will release your claims against Citi and Assurant relating to lender-placed insurance – even if your objection is rejected.

The court will consider objections at a Fairness Hearing, which will be held on _____, 2014, at _____ a.m., before the Honorable David N. Hurd, at the U.S. Courthouse, 10 Broad Street, Utica, NY. If you make a timely objection, you may appear at the hearing to explain your objection, but you are not required to attend.

**For further information**, call 1-XXX-XXX-XXXX, visit the settlement website (www.CMImortgageinsurancesettlement.com), or write to CitiMortgage Claims Administrator, KCC, LLC [Address], [City], [State] [Zip].

# Exhibit D

# CLASS ACTION CLAIM FORM

*Casey v. Citibank, N.A.*, Case No. 5:12-cv-820 (N.D.N.Y.)

You are receiving this Claim Form because CitiMortgage's records show that you were charged by CitiMortgage for lender-placed flood insurance during the Class Period, and you are Settlement Class Member(s).

To receive monetary compensation or an account credit, **PLEASE FULLY <u>COMPLETE</u> THIS CLAIM FORM, <u>SIGN</u> IT, AND RETURN WITH <u>PROOF OF YOUR IDENTITY</u> BY <mark>DATE</mark>.** If more than one person was named as an insured or as an additional insured, then both named insureds must complete this claim form.  Incomplete or untimely claim forms may be deemed invalid and the claim may be denied.

| | |
|---|---|
| Claimant(s) Name(s) | _____ |
| Claimant(s) Current Address (if different from address on the envelope enclosing this form) | _____ <br> _____ <br> _____ |
| Claimant(s) Telephone Number | _____ <br> (Home)                         (Cell) |
| Claimant(s) Email Address | _____ |
| Claimant(s) Social Security Number (Last four digits only) | _____ |

| QUESTION <br> ☐ **PAID** <br> ☐ **DID NOT PAY** | Did you make at least one full monthly mortgage payment between _____ and _____ to CitiMortgage after either (a) your existing escrow account was adjusted to charge the premium for lender-placed flood insurance; or (b) an escrow account was created for you by CitiMortgage to charge the premium for lender-placed flood insurance? |
|---|---|

1. At some point during the period from January 1, 2007 through _____, I was listed as an insured or as an additional insured under a lender-placed flood insurance policy, and was charged for the lender-placed flood insurance policy by CitiMortgage.

2. I did not want to be charged for lender-placed flood insurance by CitiMortgage.

3. Since the issuance of the lender-placed flood insurance, I have not filed a Petition under Chapter 7 of the United States Bankruptcy Code, and my indebtedness on my residence secured by my Deed of Trust or Mortgage has not been compromised or discharged in bankruptcy.

I hereby declare under penalty of perjury that the information provided by me on this Claim Form is true and correct, to the best of my knowledge.

Date: _____        _____        _____
                                            (Signature of Claimant)              (Signature of Co-Claimant)

**YOU MAY SUBMIT YOUR COMPLETED CLAIM FORM VIA ANY OF THE FOLLOWING METHODS:**

**Mail to**: KCC, LLC, [Street Address], [City], [State], [ZIP]
**Fax to**: XXX-XXX-XXXX
**Email to**: XXXXXXX.com
**Online via**: CMImortgageinsurancesettlement.com

TO RECEIVE A CHECK, **YOU MUST ALSO PROVIDE PROOF OF YOUR INDENTITY BY SUBMITTING ANY <u>ONE</u> OF THE FOLLOWING WITH YOUR CLAIM FORM**:

    (1) A copy of a <u>Photo ID</u> that contains a photograph of the Claimant(s)
       OR

    (2) A copy of a <u>CitiMortgage Account Statement</u> issued to Claimant(s),
       OR

    (3) The <u>witness signature</u> form on the next page (it does **NOT** need to be notarized).

## **Proof of Identity Option #3**

You only need to return this witness verification if you are **not** including a copy of a Photo ID or a CitiMortgage Account Statement with your Claim Form.

## **Witness Verification**

I witnessed a person who I know sign the Claim Form, and I swear under penalty of perjury that the person who signed the Claim Form is the person whose name appears at the top of the Claim Form.

Date: _____          _____

                                        (Signature of Witness)

Witness Name                             _____

Witness' Current Address                 _____

                                         _____

                                         _____

Witness' Telephone Number                _____

# Exhibit E

# CLASS ACTION CLAIM FORM

*Coonan v Citibank, N.A.*, Case No. 1:13-cv-00353 (N.D.N.Y.)

You are receiving this Claim Form because CitiMortgage's records show that you were charged by CitiMortgage for lender-placed hazard insurance (*i.e.*, insurance against losses due to fire, wind, or other hazards except floods) during the Class Period, and you are Settlement Class Member(s).

To receive monetary compensation or an account credit, **PLEASE FULLY <u>COMPLETE</u> THIS CLAIM FORM, <u>SIGN</u> IT, AND RETURN WITH <u>PROOF OF YOUR IDENTITY</u> BY DATE.** If more than one person was named as an insured or as an additional insured, then both named insureds must complete this claim form. Incomplete or untimely claim forms may be deemed invalid and the claim may be denied.

| | |
|---|---|
| Claimant(s) Name(s) | _____ |
| Claimant(s) Current Address (if different from address on the envelope enclosing this form) | _____<br>_____<br>_____ |
| Claimant(s) Telephone Number | _____<br>(Home)                    (Cell) |
| Claimant(s) Email Address | _____ |
| Claimant(s) Social Security Number (Last four digits only) | _____ |

| **QUESTION**<br>☐ **PAID**<br>☐ **DID NOT PAY** | Did you make at least one full monthly mortgage payment between _____ and _____ to CitiMortgage after either (a) your existing escrow account was adjusted to charge the premium for lender-placed hazard insurance; or (b) an escrow account was created for you by Citibank to charge the premium for lender-placed hazard insurance? |
|---|---|

1.  At some point during the period from January 1, 2007 through _____, I was listed as an insured or as an additional named insured under a lender-placed hazard insurance policy, and was charged for the lender-placed hazard insurance policy by Citibank.

2.  I did not want to be charged for lender-placed hazard insurance by Citibank.

3.  Since the issuance of the lender-placed hazard insurance, I have not filed a Petition under Chapter 7 of the United States Bankruptcy Code, and my indebtedness on my residence secured by my Deed of Trust or Mortgage has not been compromised or discharged in bankruptcy.

I hereby declare under penalty of perjury that the information provided by me on this Claim Form is true and correct, to the best of my knowledge.

Date: _____     _____     _____
                              (Signature of Claimant)                    (Signature of Co-Claimant)

**YOU MAY SUBMIT YOUR COMPLETED CLAIM FORM VIA ANY OF THE FOLLOWING METHODS:**

**Mail to**: KCC, LLC, [Street Address], [City], [State], [ZIP]
**Fax to**: XXX-XXX-XXXX
**Email to**: XXXXXXX.com
**Online via**: CMImortgageinsurancesettlement.com

TO RECEIVE A CHECK, **YOU MUST ALSO PROVIDE PROOF OF YOUR IDENTITY BY SUBMITTING ANY <u>ONE</u> OF THE FOLLOWING WITH YOUR CLAIM FORM**:

   (1)  A copy of a <u>Photo ID</u> that contains a photograph of the Claimant(s)
        OR
   (2)  A copy of a <u>CitiMortgage Account Statement</u> issued to Claimant(s),
        OR
   (3)  The <u>witness signature</u> form on the next page (it does **NOT** need to be notarized).

### **Proof of Identity Option #3**

You only need to return this witness verification if you are **not** including a copy of a Photo ID or a Citibank Account Statement with your Claim Form.

### **Witness Verification**

I witnessed a person who I know sign the Claim Form, and I swear under penalty of perjury that the person who signed the Claim Form is the person whose name appears at the top of the Claim Form.

Date: _____        _____

(Signature of Witness)

Witness Name        _____

Witness' Current Address    _____

_____

Witness' Telephone Number   _____

Exhibit F

[CitiMortgage Letterhead]

[Date]

[Borrower Name(s)]
[Address 1]
[Address 2]
[City/State/Zip]

**Notice of Opportunity to Elect Reduced Flood Insurance Coverage Requirement**

Dear [Borrower Name(s)]:

Pursuant to a class action settlement that was approved by the Court in *Casey v. Citibank, N.A., et al.*, No.: 5:12-cv-820 (N.D.N.Y.), we have undertaken a review of our mortgage loan and home equity accounts to determine which accounts had the amount of flood insurance coverage increased by CitiMortgage above the amount required at origination during the class period (*i.e.*, from May 17, 2006 to [Preliminary Approval Date]).  Based upon our review, we have determined that your flood insurance coverage requirement was increased by CitiMortgage during this period.

In accordance with the terms of the settlement, we are writing to inform you that **you have the option to reduce your flood insurance coverage requirement to the *lesser* of the following amounts** (provided that such amounts are sufficient to satisfy federal requirements and any applicable investor requirements):

- The replacement cost value ("RCV") of the structures on your property (*i.e.*, the amount of your hazard insurance coverage);
- The maximum amount of flood insurance coverage available under the National Flood Insurance Program (currently $250,000); or
- The unpaid principal balance ("UPB") of all liens secured by your property (whether owed to CitiMortgage or another lender).

If you would like CitiMortgage to reduce your flood insurance coverage requirement to the lesser of the three above amounts, please fill out the enclosed Election Form and return it to:

CitiMortgage, Inc.
Reduced Flood Coverage Requirement Processing
[Address 1]
[Address 2]
[City/State/Zip]

This Election Form must be returned and postmarked no later than [DATE- 180 days from date of letter]. All Election Forms that are completed and returned will be honored by CitiMortgage for the life of the account.  In the event that you do not return the enclosed Election Form, CitiMortgage shall retain the right to require flood insurance coverage for your property in excess of the amounts specified above, so long as the structure(s) securing your property fall within a Special Flood Hazard Area as determined by FEMA.

*__WARNING__* – If you elect to reduce your coverage to less than the full RCV of the structures on your property, in the event of a loss due to flood, you will have less coverage against which to file a claim.

## **<u>Election to Reduce Flood Insurance Coverage Requirement</u>**

If you would like CitiMortgage to reduce your flood insurance coverage requirement, please fully <u>complete</u> this Election Form, <u>sign</u> it, and return it to the address indicated on the bottom of this form.  If more than one person is named as an account holder, then both named account holders must complete this form.  Incomplete forms may be disregarded by CitiMortgage.

Name(s) of Account Holder(s)     _____

CitiMortgage Account Number     _____

Current Address     _____
(if different from the address on     _____
the envelope enclosing this form)     _____

Telephone Number     _____
                                            (Home)                           (Cell)

---

Are there any liens secured by your property
in addition to your lien with CitiMortgage?    ___ YES            ___ NO

Lienholder(s) (other than CitiMortgage):     _____

Amount owed on other lien(s):     $_____

**CitiMortgage may require proof of the existence and/or
amount of any additional liens.**

---

By signing below, I hereby elect and request to have CitiMortgage reduce my flood insurance coverage requirement to the lesser of the following amounts (provided that such amounts are sufficient to satisfy federal requirements and any applicable investor requirements):

- The replacement cost value ("RCV") of the structures on your property (i.e,., the amount of your hazard insurance coverage);
- The maximum amount of Flood Insurance coverage available under the National Flood Insurance Program (currently $250,000); or
- The unpaid principal balance ("UPB") of all liens secured by your property (whether owed to CitiMortgage or another lender).

I hereby declare under penalty of perjury that the information provided by me on this Election Form is true and correct, to the best of my knowledge.

Date: _____     _____     _____
                                  (Signature of Borrower)           (Signature of Co-Borrower)

**You may submit your completed form to:** CitiMortgage, Inc.
                                                   Reduced Flood Coverage Requirement Processing
                                                   [Address 1]
                                                   [Address 2]
                                                   [City/State/Zip]