UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GORDON CASEY and DUANE SKINNER,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

   -v-                                               5:12-CV-820 (LEAD)

CITIBANK, N.A.; CITIMORTGAGE, INC.;
MIDFIRST BANK, N.A., doing business as
Midland Mortgage; and FIRSTINSURE, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CELESTE COONAN, individually and on
behalf of all others similarly situated,

                Plaintiff,

   -v-                                               1:13-CV-353 (MEMBER)

CITIBANK, N.A.; CITIMORTGAGE, INC.;
ASSURANT, INC.; AMERICAN SECURITY
INSURANCE COMPANY; and STANDARD
GUARANTY INSURANCE COMPANY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NICHOLS KASTER, PLLP | E. MICHELLE DRAKE, ESQ. |
| Attorneys for Plaintiffs Casey, Skinner, | JOSEPH C. HASHMALL, ESQ. |
|    and Coonan | KAI H. RICHTER, ESQ. |
| 4600 IDS Center | |
| 80 South Eighth Street | |
| Minneapolis, MN  55402 | |
| One Embarcadero Center, Suite 720 | MATTHEW C. HELLAND, ESQ. |
| San Francisco, CA  94111 | |

| | |
|---|---|
| BERGER & MONTAGUE, P.C.<br>Attorneys for Plaintiffs Casey, Skinner,<br>    and Coonan<br>1622 Locust Street<br>Philadelphia, PA 19103 | PATRICK F. MADDEN, ESQ.<br>SARAH R. SCHALMAN–BERGEN, ESQ.<br>SHANON J. CARSON, ESQ. |
| TAUS, CEBULASH & LANDAU, LLP<br>Attorneys for Plaintiffs Casey, Skinner,<br>    and Coonan<br>80 Maiden Lane, Suite 1204<br>New York, NY 10038 | BRETT H. CEBULASH, ESQ.<br>KEVIN LANDAU, ESQ. |
| GILMAN LAW, LLP<br>Attorneys for Plaintiff Coonan<br>Beachway Professional Center Tower<br>3301 Bonita Beach Road, Suite 307<br>Bonita Springs, FL 34134 | KENNETH G. GILMAN, ESQ. |
| BALLARD SPAHR, LLP<br>Attorneys for Defendants Citibank, N.A.<br>    and CitiMortgage, Inc.<br>999 Peachtree Street, Suite 1000<br>Atlanta, GA 30309 | CHRISTOPHER J. WILLIS, ESQ.<br>SARAH T. REISE, ESQ.<br>STEFANIE H. JACKMAN, ESQ. |
| MENTER, RUDIN & TRIVELPIECE, P.C.<br>Attorneys for Defendants Citibank, N.A.;<br>    and CitiMortgage, Inc.<br>308 Maltbie Street, Suite 200<br>Syracuse, NY 13204 | MITCHELL J. KATZ, ESQ.<br>TERESA M. BENNETT, ESQ. |
| GOODWIN PROCTER LLP<br>Attorneys for Defendants MidFirst Bank,<br>    N.A. and FirstInsure, Inc.<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | DAVID S. KANTROWITZ, ESQ.<br>JOHN C. ENGLANDER, ESQ.<br>MATTHEW G. LINDENBAUM, ESQ. |
| COSTELLO, COONEY & FEARON, PLLC<br>Attorneys for Defendants MidFirst Bank,<br>    N.A. and FirstInsure, Inc.<br>500 Plum Street, Suite 300<br>Syracuse, NY 13204 | EDWARD G. MELVIN, ESQ.<br>ROBERT J. SMITH, ESQ. |

| | |
|---|---|
| CARLTON FIELDS JORDEN BURT, P.A.<br>Attorneys for Defendants Assurant, Inc.,<br>   American Security Insurance Company,<br>   and Standard Guaranty Insurance Company<br>Jefferson Square, Suite 400 East<br>1025 Thomas Jefferson Street, N.W.<br>Washington, DC  20007 | FRANK G. BURT, ESQ.<br>BRIAN P. PERRYMAN, ESQ.<br>W. GLENN MERTEN, ESQ. |
| COHEN & COHEN LLP<br>Attorneys for Defendants Assurant, Inc.,<br>   American Security Insurance Company,<br>   and Standard Guaranty Insurance Company<br>258 Genesee Street, Suite 505<br>Utica, NY  13502 | RICHARD A. COHEN, ESQ. |

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

Plaintiff Casey initiated this class action on May 17, 2012. An amended class action complaint, filed on July 26, 2012, added plaintiff Skinner. On January 2, 2013, a Memorandum–Decision and Order was filed denying defendants' motions to dismiss. Casey v. Citibank, N.A., 915 F. Supp. 2d 255 (N.D.N.Y. 2013). Plaintiff Coonan initiated a separate class action on March 27, 2013. On July 24, 2013, plaintiffs' counsel was appointed interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). The Casey/Skinner action was consolidated with the Coonan action on August 7, 2013.

Plaintiffs and defendants Citibank, N.A. and CitiMortgage, Inc. ("the Citi defendants") engaged in two mediation sessions in November and December 2013. On January 10, 2014, plaintiffs and the Citi defendants filed a joint notice of class settlement. This document expressed the parties' intent to file a motion for preliminary approval of the settlement

agreement by January 31, 2014.

On January 30, 2014, counsel for a proposed class of borrowers who have asserted claims against the Citi defendants in the Northern District of Ohio ("the Ohio plaintiffs") filed a letter seeking permission to be heard in opposition to the yet-to-be-filed motion for preliminary approval. Plaintiffs and the Citi defendants filed their motion for preliminary approval of the settlement agreement on February 5, 2014. On February 27, 2014, the Ohio plaintiffs filed a motion to intervene for the limited purpose of objecting to the proposed settlement agreement. The motion to intervene has been fully briefed and was considered on submit without oral argument.

## II. DISCUSSION

The Ohio plaintiffs' attempt to object to the proposed settlement agreement is inappropriate and premature. The proper time to present their objections is at the final approval hearing. See In re Penthouse Exec. Club Comp. Litig., No. 10 Civ. 1145, 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013) ("[A] plaintiff[']s dissatisfaction with certain settlement terms is not a bar to preliminary approval."); Davis v. J.P. Morgan Chase & Co., 775 F. Supp. 2d 601, 608 (W.D.N.Y. 2011) ("[T]o the extent that the proposed intervenors have particular objections to the terms of the proposed settlement, there is no reason why those concerns cannot be fully and adequately aired at the fairness hearing and in the context of the Court's decision whether to finally approve the settlement.").

Assuming preliminary approval is granted, the Ohio plaintiffs' interests can be protected at the fairness hearing for final approval of the settlement. Moreover, if they do not wish to be bound by the settlement, they can opt out of the class and pursue their cases separately. See Davis, 775 F. Supp. 2d at 605–06.

Finally, the Ohio plaintiffs imply that plaintiffs Casey, Skinner, and Coonan and the Citi defendants have orchestrated the consolidation and settlement of their cases in an attempt to interfere with the ongoing action in the Northern District of Ohio. This is without merit. The Ohio action was initiated <u>after</u> plaintiffs' counsel was appointed interim co-lead class counsel, <u>after</u> these cases were consolidated, and <u>after</u> the parties began mediation sessions. Further, the proposed settlement agreement was reached after the exchange of discovery, through arms-length negotiations between experienced counsel, and with the assistance of a third-party mediator. There is thus a "presumption that the settlement achieved meets the requirements of due process." <u>In re Penthouse Exec. Club Comp. Litig.</u>, 2013 WL 1828598, at *2 (internal quotation marks omitted).

Accordingly, it is

ORDERED that

The Ohio Plaintiffs' motion to intervene is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 21, 2014
       Utica, New York.