U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
APR 0 2 2014
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Utica

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GORDON CASEY and DUANE SKINNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A.; CITIMORTGAGE, INC.; MIDFIRST BANK, N.A. d/b/a MIDLAND MORTGAGE; and FIRSTINSURE, INC.,<br><br>Defendants. | Civil Case No. 5:12-cv-820<br>(DNH/DEP) |
| CELESTE COONAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; CITIMORTGAGE, INC.; ASSURANT, INC.; AMERICAN SECURITY INSURANCE COMPANY; and STANDARD GUARANTY INSURANCE COMPANY,<br><br>Defendants. | Civil Case No. 1:13-cv-353<br>(DNH/DEP) |

### ORDER: (1) PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT; (2) APPROVING PROPOSED NOTICES OF SETTLEMENT AND AUTHORIZING DISTRIBUTION OF NOTICES VIA FIRST CLASS MAIL AND PUBLICATION; (3) CERTIFYING SETTLEMENT CLASSES; (4) APPOINTING PLAINTIFFS' COUNSEL AS COUNSEL FOR THE SETTLEMENT CLASSES; (5) DESIGNATING PLAINTIFFS AS CLASS REPRESENTATIVES; AND (6) SETTING FINAL APPROVAL HEARING

This matter came before the Court on Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement with Defendants Citibank, N.A. ("Citibank") and

1

CitiMortgage, Inc. ("CitiMortgage") (collectively, "Citi" or "Defendants").[1] The Court has considered the Motion, the proposed Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), the Notices of Proposed Class Action Settlement ("Settlement Notices"), the other papers submitted in connection with the Motion, and all files, records, and proceedings in the above-captioned actions (the "Actions"). Finding good cause to approve the Motion, the Court now finds and ORDERS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

2. The Court preliminarily approves the Settlement Agreement and the terms set forth therein, subject to further consideration at the Final Approval Hearing after members of the Settlement Classes have had an opportunity to opt-out of the Settlement or object to the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, solely for purpose of effectuating this Settlement, two Settlement Classes. The "Flood Settlement Class" is defined as follows:

> All persons who were charged by Citi for lender placed flood insurance (unless such charge was flat cancelled and refunded in full) in connection with a mortgage loan, home equity loan, or home equity line of credit secured by property in the United States during the time period from May 17, 2006 through the date of the preliminary approval of the Settlement Agreement [the "Flood Class Period"].

The "Hazard Settlement Class" is defined as follows:

> All persons who were charged by Citi for lender placed hazard insurance (unless such charge was flat cancelled and refunded in full) in connection with a mortgage loan, home equity loan, or home equity line of credit secured by property in the United States during the time period from January 1, 2007 through

---

[1] Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company (the "Assurant Entities") are also parties to the Settlement.

the date of the preliminary approval of the Settlement Agreement [the "Hazard Class Period"].[2]

4. The Court finds that the Settlement Classes meet the criteria for certification under Federal Rule of Civil Procedure 23(a). The number of class members in each class is sufficiently numerous that joinder of all members is impractical. There are questions of law and fact common to the classes with respect to both the challenged "commission" practice and Citi's flood insurance coverage requirements. Plaintiffs' claims are typical of the claims of the Settlement Classes. Finally, Plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Classes, and will do so in connection with the Settlement Agreement.

5. The Court further finds that the Settlement Classes meet the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). The aforementioned common issues predominate over any individualized issues, and resolution of this action as a class action is superior to alternative methods of adjudicating the claims of the members of the Settlement Classes.

6. The Court hereby appoints Plaintiffs' counsel, Nichols Kaster, PLLP, Berger & Montague, P.C., and Gilman Law, LLP, as co-lead Class Counsel for the Settlement Classes (consistent with its earlier order appointing the same firms as interim co-lead class counsel), and appoints Taus Cebulash & Landau, LLP as additional Class Counsel.

7. The Court also appoints Plaintiffs Gordon Casey and Duane Skinner as Class Representatives for the Flood Settlement Class, and Celeste Coonan as the Class Representative for the Hazard Settlement Class.

---

[2] For purposes of the Settlement and this Preliminary Approval Order, the term "hazard insurance" refers to insurance against the risks of any type of hazard (*e.g.*, fire, windstorm, *etc.*), except for floods, unless otherwise noted.

8. The Court finds on a preliminary basis that the terms of the Settlement Agreement (including the monetary relief, injunctive relief, and release of claims) are fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e). The Court further finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims in the Actions and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive. The Court therefore grants preliminary approval of the Settlement.

9. The Court finds and concludes that the Settlement Notices and the procedure set forth in the Settlement Agreement for providing notice to the Settlement Classes will provide the best notice practicable, satisfies the notice requirements of Rules 23(c)(2)(B) and 23(e), adequately advises members of the Settlement Classes of their rights under the Settlement, and meets the requirements of due process. The Settlement Notices fairly, plainly, accurately, and reasonably provide Settlement Class members with all required information, including (among other things): (1) a summary of the lawsuit and the claims asserted; (2) a clear definition of the Settlement Classes; (3) a description of the material terms of the Settlement; (4) instructions as to how Settlement Class members may make a claim; (5) a disclosure of the release of claims should they choose to remain in the class; (6) an explanation of Settlement Class members' opt-out rights, a date by which Settlement Class members must opt out, and information regarding how to do so; (7) instructions as to how to object to the Settlement and a date by which Settlement Class members must object; (8) the date, time, and location of the final approval hearing; (9) the internet address for the settlement website and the toll-free number from which Settlement Class members may obtain additional information about the Settlement; and (10) the

names of the law firms representing the Settlement Classes, contact information for the lead firms, and information regarding how Class Counsel and the named Class Representatives will be compensated. The proposed plan for mailing the Settlement Notices by first class mail to the last known addresses of the members of the Settlement Classes is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. To the extent that any Settlement Notices are returned as undeliverable, this form of mailed notice is also supplemented by notice by publication in a nationwide newspaper (and through the settlement website), which the Court finds to be a reasonable form of supplemental notice. Accordingly, the Court approves the Settlement Notices, and the manner of distributing the Settlement Notices to Settlement Class members.

10. The Court further finds that the Claim Forms set forth in the Settlement Agreement are not unduly burdensome for Settlement Class members to complete, and that the claims process established by the Settlement is reasonable and appropriate. Members of the Settlement Classes who wish to receive monetary compensation under the Settlement must submit a valid and timely Claim Form to the designated Claims Administrator, as provided in the Settlement Agreement, postmarked no later than 120 days after the Effective Date of the Settlement. The Court hereby approves KCC, LLC as the Claims Administrator.

11. Within ten (10) business days of the date of this Preliminary Approval Order, Citi shall transmit to the Claims Administrator an updated database containing the last known contact information for all Settlement Class Members, including their names, addresses, and telephone numbers (to the extent reasonably available in database format).

12. Within thirty (30) days of the date of this Preliminary Approval Order, or as soon as reasonably practicable, the Claims Administrator shall mail, via first class mail, the Flood

Class Notice and Flood Claim Form to the Flood Settlement Class Members, and the Hazard Class Notice and Hazard Claim Form to the Hazard Settlement Class Members. For purposes of this mailing, the Claims Administrator shall use the address information supplied by Citi, subject to appropriate updating based on the information in the United States Post Office National Change of Address Database. At the same time, the Claims Administrator shall publish the Published Notice of Settlement in USA Today.

13. On or before the Class Notice Date, the Claims Administrator shall make active a website describing the terms of the Settlement and from which Settlement Class Members can download relevant forms such as the operative Complaints, the Class Notices, the Claim Forms, the Settlement Agreement, and ECF-filed (*i.e.*, publicly-available) copies of Plaintiffs' motion papers in support of approval of the Settlement and in support of the requested attorneys' fees, costs, and class representative service awards (when filed). The website shall also allow Class Members to upload completed claim forms. The name of this website shall be www.CMImortgageinsurancesettlement.com.

14. On or before the Class Notice Date, the Claims Administrator also shall arrange for a toll-free number and interactive voice response ("IVR") telephone system with agreed upon script recordings of information about the Settlement. To the extent that Settlement Class Members have questions that are not answered by the IVR, those questions shall be handled in the manner set forth in the Settlement Agreement.

15. Members of the Settlement Classes who wish to exclude themselves from the Settlement Classes must submit a written statement to the Claims Administrator requesting exclusion from the Settlement ("opt-out"), postmarked no later than sixty (60) days of the Class Notice Date. Such written request for exclusion must contain the name, address, telephone

number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by the Settlement Class Member who seeks to opt out. Any member of the Settlement Classes who requests exclusion from the Settlement Classes and chooses to opt-out of the Settlement will not be entitled to any compensation in connection with the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon. Members of the Settlement Classes who do not submit a valid and timely Settlement Opt-Out Form shall be bound by all terms of the Settlement Agreement. The Claims Administrator shall provide the Parties with copies of all opt-out requests on a weekly basis. No opt-out request may be made on behalf of a group of Settlement Class Members, and untimely requests to opt-out will be deemed invalid and ineffective.

16. Any member of the Settlement Classes who wishes to object to the Settlement must mail a written statement of objection to the Clerk of Court, Class Counsel and Defense Counsel postmarked no later than sixty (60) days of the Class Notice Date. The Notice of Objection must include: (a) the case name and number; (b) the basis for the objection; (c) the name, address, telephone number, and email address of the Settlement Class Member making the objection; (d) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel; and (e) be personally signed by the Settlement Class Member. Settlement Class Members who fail to make timely objections in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

17. A Final Approval Hearing will be held on August 1, 2014, at 10:00 a.m. at the U.S. Courthouse, 10 Broad Street, Utica, New York, to determine whether the Settlement is fair, reasonable and adequate, whether the notice provided to Settlement Class Members constitutes

the best notice practicable and satisfies due process, whether any objections to the Settlement should be overruled, whether Class Counsel's motion for attorneys' fees and costs should be approved, and whether a class representative award to the named Class Representatives should be approved (and in what amount).

18. The Final Approval Motion, and any motion for attorneys' fees, costs, and class representative reimbursement, shall be filed no later than fourteen (14) days prior to the date of the Final Approval Hearing (on or before July 18, 2014). In the Final Approval Motion, Class Counsel shall address any timely submitted objections to the Settlement.

19. Pending the Court's final determination as to whether the Settlement should be approved, all members of the Settlement Classes and all persons acting on behalf of any member of the Settlement Classes are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively on behalf of them, or in any other capacity of any kind whatsoever, any action in any state court, any federal court, or any other tribunal or forum of any kind, against Citi which fall within the definition of the Released Claims in the Settlement Agreement and shall not pursue any pending actions against the Released Parties asserting the Released Claims.

20. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and Plaintiffs and Citi shall revert to their respective positions before entering into the Settlement Agreement.

**IT IS SO ORDERED**

Dated: April 2, 2014

Honorable David N. Hurd
United States District Judge