IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GORDON CASEY and DUANE SKINNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A., CITIMORTGAGE, INC., MIDFIRST BANK, N.A. d/b/a MIDLAND MORTGAGE, and FIRSTINSURE, INC.,<br><br>Defendants. | Civil Case No. 5:12-cv-00820 (DNH/DEP)   |

### ORDER: (1) PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT; (2) APPROVING PROPOSED NOTICE OF SETTLEMENT AND AUTHORIZING DISTRIBUTION OF NOTICE VIA FIRST CLASS MAIL; (3) CERTIFYING SETTLEMENT CLASS; (4) APPOINTING PLAINTIFF'S COUNSEL AS COUNSEL FOR THE SETTLEMENT CLASS; (5) DESIGNATING PLAINTIFF AS CLASS REPRESENTATIVE; AND (6) SETTING FINAL APPROVAL HEARING

This matter came before the Court on Plaintiff Gordon Casey's unopposed Motion for Preliminary Approval of Class Action Settlement with Defendants MidFirst Bank ("MidFirst"), including its Midland Mortgage Division ("Midland"), and Firstinsure, Inc. ("Firstinsure") (collectively, "the MidFirst Defendants" or "Defendants"). The Court has considered the Motion, the proposed Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), the Notice of Class Action Settlement ("Class Notice"), the other papers submitted in connection with the Motion, and all files, records, and proceedings in the above-captioned action (the "Action"). Finding good cause to approve the Motion, the Court now finds and ORDERS as follows:

1.  All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

2. The Court preliminarily approves the Settlement Agreement and the terms set forth therein, subject to further consideration at the Final Approval Hearing after members of the Settlement Class have had an opportunity to opt-out of the Settlement or object to the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, solely for purpose of effectuating this Settlement the following Settlement Class:

> All persons with a mortgage loan owned or serviced by Midland who were sent a flood insurance cycle letter by Midland or who were charged for lender-placed flood insurance by Midland on or after May 17, 2006 and before May 9, 2014 (the "Class Period").

4. The Court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). The number of class members is sufficiently numerous that joinder of all members is impractical. There are questions of law and fact common to the class with respect to both the challenged "commission" practice and Midland's flood insurance coverage requirements. Plaintiff's claims are typical of the claims of the Settlement Class. Finally, Plaintiff and his counsel have fairly and adequately represented the interests of the Settlement Class, and will do so in connection with the Settlement Agreement.

5. The Court further finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). The aforementioned common issues predominate over any individualized issues, and resolution of this action as a class action is superior to alternative methods of adjudicating the claims of the members of the Settlement Class.

6. The Court hereby appoints Plaintiff's counsel, Nichols Kaster, PLLP and Berger & Montague, P.C., as co-lead Class Counsel for the Settlement Class, and appoints Taus Cebulash & Landau, LLP as additional Class Counsel.

7.   The Court also appoints Plaintiff Gordon Casey as Class Representative for the Settlement Class.

8.   The Court finds on a preliminary basis that the terms of the Settlement Agreement (including the monetary relief, prospective relief, and release of claims) are fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e). The Court further finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims in the Action and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement was fairly negotiated at arm's length. The Court therefore grants preliminary approval of the Settlement.

9.   The Court finds and concludes that the Class Notice and the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class will provide the best notice practicable, satisfies the notice requirements of Rules 23(c)(2)(B) and 23(e), adequately advises Settlement Class members of their rights under the Settlement, and meets the requirements of due process. The Class Notice fairly, plainly, accurately, and reasonably provides Settlement Class members with all required information, including (among other things): (1) a summary of the lawsuit and the claims asserted; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) information regarding the claim criteria and instructions as to how Settlement Class members may make a claim; (5) a disclosure of the release of claims should they choose to remain in the class; (6) an explanation of Settlement Class members' opt-out rights, a date by which Settlement Class members must opt out, and information regarding how to do so; (7) instructions as to how to object to the Settlement and a date by which Settlement Class members must object; (8) the date,

time, and location of the final approval hearing; (9) the internet address for the settlement website and the toll-free number from which Settlement Class members may obtain additional information about the Settlement; and (10) the names of the law firms representing the Settlement Class, and contact information for the lead firms. The proposed plan for mailing the Class Notice by first class mail to the last known addresses of the members of the Settlement Class is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. This form of mailed notice is also supplemented through the settlement website, which the Court finds to be a reasonable form of supplemental notice. Accordingly, the Court approves the Class Notice, and the manner of distributing the Class Notice to Settlement Class members.

10. The Court further finds that the Claim Form set forth in the Settlement Agreement is not unduly burdensome for Settlement Class members to complete, and that the claims process established by the Settlement is reasonable and appropriate. Eligible members of the Settlement Class who wish to receive monetary compensation under the Settlement must submit a valid and timely Claim Form to the designated Claims Administrator, as provided in the Settlement Agreement, postmarked no later than sixty (60) days after the Class Notice Date. The Court hereby approves Tilghman & Co., P.C. as the Claims Administrator.

11. Within twenty-one (21) days after receiving the Class List, the Claims Administrator shall mail, via first class mail, the Notice and Claim Form to Settlement Class Members. For purposes of this mailing, the Claims Administrator shall use the address information supplied by the MidFirst Defendants, subject to appropriate updating as provided in the Settlement Agreement.

12. On or before the Class Notice Date, the Claims Administrator shall make active a website describing the terms of the Settlement and from which Settlement Class Members can download relevant forms such as the operative Complaint, the Class Notice, the Claim Form, the Settlement Agreement, and ECF-filed (*i.e.*, publicly-available) copies of Plaintiff's motion papers in support of approval of the Settlement and in support of the requested attorneys' fees, costs, and class representative service award (when filed). The website shall also allow Class Members to upload completed claim forms. The name of this website shall be agreed to by the Parties prior to the establishment of the website.

13. On or before the Class Notice Date, the Claims Administrator also shall arrange for a toll-free number and interactive voice response ("IVR") telephone system with agreed upon script recordings of information about the Settlement. To the extent that Settlement Class Members have questions that are not answered by the IVR, those questions shall be handled in the manner set forth in the Settlement Agreement.

14. Members of the Settlement Class who wish to exclude themselves from the Settlement Class must submit a written statement to the Claims Administrator requesting exclusion from the Settlement ("opt-out"), postmarked no later than sixty (60) days of the Class Notice Date. Such written request for exclusion must contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by the Settlement Class Member who seeks to opt out. Any member of the Settlement Class who requests exclusion from the Settlement Class and chooses to opt-out of the Settlement will not be entitled to any compensation in connection with the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon. Members of the Settlement Class who do not submit a valid and timely Settlement Opt-

Out Form shall be bound by all terms of the Settlement Agreement. The Claims Administrator shall provide the Parties with copies of all opt-out requests as provided in the Settlement Agreement. No opt-out request may be made on behalf of a group of Settlement Class Members, and untimely requests to opt-out will be deemed invalid and ineffective.

15. Any member of the Settlement Class who wishes to object to the Settlement must mail a written statement of objection to the Clerk of Court, Class Counsel, and Defense Counsel postmarked no later than sixty (60) days of the Class Notice Date. The Notice of Objection must include: (a) the case name and number; (b) the basis for the objection; (c) the name, address, telephone number, and email address of the Settlement Class Member making the objection; (d) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel; and (e) be personally signed by the Settlement Class Member. Settlement Class Members who fail to make timely objections in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

16. The Court will conduct a Final Approval Hearing on September 26, 2014, at 10:00 a.m. at the United States Courthouse, 10 Broad Street, Utica, New York, to determine whether the Settlement is fair, reasonable and adequate, whether the notice provided to Settlement Class Members constitutes the best notice practicable and satisfies due process, whether any objections to the Settlement should be overruled, whether Class Counsel's motion for attorneys' fees and costs should be approved, and whether a class representative award to the named Class Representative should be approved (and in what amount).

17. The Final Approval Motion, and any motion for attorneys' fees, costs, and class representative reimbursement, shall be filed no later than fourteen (14) days prior to the date of

the Final Approval Hearing (September 12, 2014). In the Final Approval Motion, Class Counsel shall address any timely submitted objections to the Settlement.

18. Pending the Court's final determination as to whether the Settlement should be approved, all members of the Settlement Class and all persons acting on behalf of any member of the Settlement Class are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively on behalf of them, or in any other capacity of any kind whatsoever, any action in any state court, any federal court, or any other tribunal or forum of any kind, against the MidFirst Defendants which fall within the definition of the Released Claims in the Settlement Agreement and shall not pursue any pending actions against the Released Parties asserting the Released Claims.

19. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and Plaintiff and the MidFirst Defendants shall revert to their respective positions before entering into the Settlement Agreement.

**IT IS SO ORDERED**

Dated: May 9, 2014

_____
Honorable David N. Hurd
United States District Judge