UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GORDON CASEY and DUANE SKINNER,
individually and on behalf of all others
similarly situated,

                    Plaintiffs,

   -v-                                            5:12-CV-820 (LEAD)

CITIBANK, N.A.; CITIMORTGAGE, INC.;
MIDFIRST BANK, N.A., doing business as
Midland Mortgage; and FIRSTINSURE, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CELESTE COONAN, individually and on
behalf of all others similarly situated,

                    Plaintiff,

   -v-                                           1:13-CV-353 (MEMBER)

CITIBANK, N.A.; CITIMORTGAGE, INC.;
ASSURANT, INC.; AMERICAN SECURITY
INSURANCE COMPANY; and STANDARD
GUARANTY INSURANCE COMPANY,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

NICHOLS KASTER, PLLP               E. MICHELLE DRAKE, ESQ.
Attorneys for Plaintiffs Casey, Skinner,    JOSEPH C. HASHMALL, ESQ.
   and Coonan                                KAI H. RICHTER, ESQ.
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
One Embarcadero Center, Suite 720      MATTHEW C. HELLAND, ESQ.
San Francisco, CA  94111

| | |
|---|---|
| BERGER & MONTAGUE, P.C.<br>Attorneys for Plaintiffs Casey, Skinner,<br>    and Coonan<br>1622 Locust Street<br>Philadelphia, PA  19103 | PATRICK F. MADDEN, ESQ.<br>SARAH R. SCHALMAN–BERGEN, ESQ.<br>SHANON J. CARSON, ESQ. |
| TAUS, CEBULASH & LANDAU, LLP<br>Attorneys for Plaintiffs Casey, Skinner,<br>    and Coonan<br>80 Maiden Lane, Suite 1204<br>New York, NY  10038 | BRETT H. CEBULASH, ESQ.<br>KEVIN LANDAU, ESQ. |
| GILMAN LAW, LLP<br>Attorneys for Plaintiff Coonan<br>Beachway Professional Center Tower<br>3301 Bonita Beach Road, Suite 307<br>Bonita Springs, FL  34134 | KENNETH G. GILMAN, ESQ. |
| BALLARD SPAHR, LLP<br>Attorneys for Defendants Citibank, N.A.<br>    and CitiMortgage, Inc.<br>999 Peachtree Street, Suite 1000<br>Atlanta, GA  30309 | CHRISTOPHER J. WILLIS, ESQ.<br>SARAH T. REISE, ESQ.<br>STEFANIE H. JACKMAN, ESQ. |
| MENTER, RUDIN & TRIVELPIECE, P.C.<br>Attorneys for Defendants Citibank, N.A.;<br>    and CitiMortgage, Inc.<br>308 Maltbie Street, Suite 200<br>Syracuse, NY  13204 | MITCHELL J. KATZ, ESQ.<br>TERESA M. BENNETT, ESQ. |
| CARLTON FIELDS JORDEN BURT, P.A.<br>Attorneys for Defendants Assurant, Inc.,<br>    American Security Insurance Company,<br>    and Standard Guaranty Insurance Company<br>Jefferson Square, Suite 400 East<br>1025 Thomas Jefferson Street, N.W.<br>Washington, DC  20007 | FRANK G. BURT, ESQ.<br>BRIAN P. PERRYMAN, ESQ.<br>W. GLENN MERTEN, ESQ. |

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

In May 2012 plaintiff Gordon Casey initiated this class action against defendants Citibank, N.A.; CitiMortgage, Inc.; and Citigroup, Inc. ("the Citi defendants"); MidFirst Bank, N.A.; and FirstInsure, Inc. An amended class action complaint, filed in July 2012, added plaintiff Duane Skinner. On January 2, 2013, defendants' respective motions to dismiss were denied. Casey v. Citibank, N.A., 915 F. Supp. 2d 255 (N.D.N.Y. 2013).

In March 2013 plaintiff Celeste Coonan initiated a separate class action against the Citi defendants and Assurant, Inc.; American Security Insurance Company; and Standard Guaranty Insurance Company. On July 24, 2013, plaintiffs' counsel was appointed interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). The Casey/Skinner action was consolidated with the Coonan action on August 7, 2013.

Plaintiffs and the Citi defendants engaged in two mediation sessions with a third-party mediator in November and December 2013. On January 10, 2014, plaintiffs and the Citi defendants filed a joint notice of class settlement. Their motion for preliminary approval of the proposed class action settlement was granted on April 2, 2014. Pursuant thereto, plaintiffs were designated as class representatives, class counsel was appointed, and notices of settlement were distributed to the approximately 407,000 class members. Nine objections on behalf of thirteen (13) class members have been filed. The settling parties filed a motion for final approval of the class action settlement on July 18, 2014, and have responded in opposition to the objections. Plaintiffs also filed a motion for attorneys' fees.

On July 28, 2014, counsel for three of the objectors—Glenn Estey, Larry Hollis, and Stephanie LeBarron ("the Estey objectors")—filed a motion seeking a discovery conference.

Oral argument was heard on August 1, 2014, in Utica, New York. Counsel for the plaintiffs, the defendants, and the objectors appeared and were heard regarding the motion for final approval and the request for a discovery conference.[1] Decision on both motions was reserved. On August 5 and 6, 2014, counsel for the Estey objectors filed requests to submit additional expert reports.

This Decision and Order addresses the Estey objectors' motion for a discovery conference and their request to submit additional expert reports. The motion for final approval is resolved in a separate Order filed on this date. The parties' familiarity with the underlying facts, procedural history, and details of the proposed settlement agreement are assumed.

## II. DISCUSSION

Objectors to a proposed settlement agreement do not have an "automatic right to discovery or an evidentiary hearing in order to substantiate their objections." Charron v. Wiener, 731 F.3d 241, 248 (2d Cir. 2013), cert. denied, Suarez v. Charron, 134 S. Ct. 1941 (2014). However, they may be permitted limited discovery, but only if there is some evidence that the settlement may be collusive or does not adequately reflect the interests of the class members. See id. ("[W]here objectors raise cogent factual objections to the settlement and prior discovery was insufficient or nonadversarial, we instruct district courts to exercise particular care to see to it that the [objecting class member] has had a full opportunity to develop the basis for his objection." (internal quotation marks and citation omitted)).

The objectors' primary challenge to the proposed settlement agreement relates to the

---

[1] The parties were advised that plaintiffs' motion for attorneys' fees will be considered on submit without oral argument upon the resolution of the motion for final approval.

"claims-made" payment structure, through which payments are made only to those class members who fill out and submit a claim. They correctly point out that this will result in a fraction of the purported $110 million settlement actually being paid out. Indeed, at oral argument, plaintiffs' counsel reported that approximately eleven percent (11%) of the class members—46,000 out of 407,000—have submitted claims to date.[2] While the deadline for filing claims does not expire until 120 days after final approval is granted, plaintiffs' counsel acknowledged it is highly unlikely that the ultimate number of submitted claims will approach more than twenty percent (20%) of the class.

Although the objectors' criticism of the claims-made structure is valid, it does not impact the fairness, reasonableness, or adequacy of the proposed settlement. Instead, they repeatedly maintain that a direct payment structure should be used. To that end, the Estey objectors' seek discovery related to the feasibility of processing direct payments. The expert reports they seek to submit opine on "how the Defendants could directly pay the members of the settlement class, including credits to the escrow accounts of borrowers actively being serviced." ECF No. 217. Such additional evidence and reports are irrelevant to the underlying issue; to wit, whether the proposed settlement agreement is fair, reasonable, and adequate.

While a direct payment structure would obviously result in more, and possibly all, class members receiving a share of the $110 million settlement, there is no reason to believe the defendants would agree to such terms. In fact, during oral argument, counsel for the Citi defendants indicated that his clients would not entertain a direct payment structure, even if

---

[2] Plaintiffs' counsel also noted that Glenn Estey, one of the thirteen objectors, submitted a claim.

such a procedure was, in fact, feasible to enact.  Thus, discovery regarding the feasibility of a payment structure that is not part of the proposed settlement is irrelevant.  See Uhl v. Thoroughbred Tech. & Telecomms., Inc., 309 F.3d 978, 986 (7th Cir. 2002) (because the inquiry into a proposed settlement structure "is limited to whether the settlement is lawful, fair, reasonable and adequate[,] . . . [an objector] must do more than just argue that she would have preferred a different settlement structure"); Saccoccio v. JP Morgan Chase Bank, N.A., 2014 WL 3738013 (S.D. Fla. July 28, 2014) (denying objectors' request for discovery of material that did not relate to the fairness, adequacy, or reasonableness of the underlying settlement agreement).

Further, the objectors' invitation to infer collusion between the parties based on the payment structure and timing of the settlement is declined.  As noted by plaintiffs' counsel, it is entirely possible that the United States Court of Appeals for the Second Circuit may, in the near future, join other Circuits and determine that many of the underlying claims in this case are not actionable.  See Rothstein v. GMAC Mortg., LLC, 2014 WL 1329132 (S.D.N.Y. Apr. 3, 2014) (certifying interlocutory appeal regarding actionability of claims involving lender-placed insurance premiums).  Therefore, there is a real risk that none of the class members will receive any payment.  This actual risk, not the amorphous collusion suggested by the objectors, is the more likely motivation for the timing and structure of the proposed settlement.

In short, although the objectors make valid points regarding the claims-made versus direct payment settlement structure, they have not raised cogent factual objections justifying the discovery they seek.  This Court does not have the authority to impose a preferred

payment structure upon the settling parties. Therefore, discovery related to a direct payment structure is unwarranted.[3]

Accordingly, it is

ORDERED that

1. The Estey objectors' motion for a discovery conference (ECF No. 215) is DENIED; and

2. The Estey objectors' request for leave to file expert reports (ECF Nos. 217, 220) is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 21, 2014
       Utica, New York.

---

[3] In addition, the defendants' joint response to the objections (ECF No. 199), coupled with the affidavits of Lynn Dilts and Adam Saab—two Citi employees the objectors seek to depose—answer many of the objectors' inquiries. For example, they explain the internal accounting used by Citi, its inability to generate a bulk report regarding borrowers who have paid force-placed premiums or track borrowers who failed to pay such premiums, and the number of hours it would take Citi to manually review each class member's account.