UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GORDON CASEY, individually and on behalf
of all others similarly situated,

                Plaintiff,

    -v-                                  5:12-CV-820 (LEAD)

MIDFIRST BANK, N.A., doing business as
Midland Mortgage; and FIRSTINSURE, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NICHOLS KASTER, PLLP<br>Attorneys for Plaintiff<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 | E. MICHELLE DRAKE, ESQ.<br>JOSEPH C. HASHMALL, ESQ.<br>KAI H. RICHTER, ESQ. |
| One Embarcadero Center, Suite 720<br>San Francisco, CA 94111 | MATTHEW C. HELLAND, ESQ. |
| BERGER & MONTAGUE, P.C.<br>Attorneys for Plaintiff<br>1622 Locust Street<br>Philadelphia, PA 19103 | PATRICK F. MADDEN, ESQ.<br>SARAH R. SCHALMAN–BERGEN, ESQ.<br>SHANON J. CARSON, ESQ. |
| TAUS, CEBULASH & LANDAU, LLP<br>Attorneys for Plaintiff<br>80 Maiden Lane, Suite 1204<br>New York, NY 10038 | BRETT H. CEBULASH, ESQ.<br>KEVIN LANDAU, ESQ. |
| GOODWIN PROCTER LLP<br>Attorneys for Defendants<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | DAVID S. KANTROWITZ, ESQ.<br>JOHN C. ENGLANDER, ESQ.<br>MATTHEW G. LINDENBAUM, ESQ. |

COSTELLO, COONEY & FEARON, PLLC       ROBERT J. SMITH, ESQ.
Attorneys for Defendants
500 Plum Street, Suite 300
Syracuse, NY 13204

DAVID N. HURD
United States District Judge

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff has moved for Final Approval of a Class Action Settlement with Defendants MidFirst Bank, N.A. d/b/a Midland Mortgage ("Midland") and FirstInsure, Inc. ("FirstInsure") (collectively "the MidFirst Defendants"). The motion is unopposed by the MidFirst Defendants, and none of the Settlement Class members objected to the Settlement.

A final approval hearing was held on September 26, 2014, in Utica, New York. The Motion, the proposed Settlement Agreement that was preliminarily approved on May 9, 2014, the submissions filed in connection with the Motion, the arguments of counsel, the response of the Settlement Class to the Class Notice, and all files, records, and proceedings in the above-captioned action ("the Action") have been reviewed and considered. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the parties and filed with the Court.

Notice of the pendency of the Action as class action, and of the proposed Settlement, was given to all Settlement Class members by the best means practicable under the circumstances, including mailing the Class Notice to Settlement Class members via U.S. Mail and publishing the Class Notice, Settlement Agreement, and other relevant documents on the settlement website. Among other things, the Class Notice provided information

- 2 -

regarding: (1) the nature of the action; (2) the definition of the Settlement Class; (3) the class claims; (4) the terms of the Settlement; (5) the language of the release; (6) Settlement Class members' rights to opt-out or object to the Settlement; (7) the date by which Settlement Class members must opt out or object, and the manner for doing so; (8) the date, time, and place of the Final Approval Hearing, and Settlement Class Members' right to appear in-person or through an attorney; and (9) the binding effect of a class judgment on Settlement Class Members if the Settlement was approved. The form and method of notifying the Settlement Class fully, fairly, accurately, and adequately advised Settlement Class members of all relevant and material information concerning the Action and the terms of the Settlement, and fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

The Settlement was negotiated at arm's length, in good faith, by highly capable and experienced counsel, with the assistance of an impartial mediator and with full knowledge of the facts, law, and risks inherent in litigating the Action. The Settlement Agreement was drafted jointly by counsel for the Parties. Out of the approximately 15,000 class members, no objections were filed. The Settlement confers substantial benefits upon the Settlement Class Members, is in the public interest, and will provide the Parties with repose from litigation. The settlement is fair, reasonable, and adequate, in the best interests of the Settlement Class, and satisfies the requirements for final approval under Federal Rule of Civil Procedure 23(e). Specifically, final approval of the Settlement is warranted in light of the following factors:

    a. The complexity, expense, and likely duration of the litigation;

    b. The reaction of the Settlement Class to the settlement;

    c. The stage of the proceedings and the amount of discovery completed;

      d. The risks of establishing liability;

      e. The risks of establishing damages;

      f. The risks of maintaining the class action through the trial;

      g. The ability of the MidFirst Defendants to withstand a greater judgment;

      h. The range of reasonableness of the recovery in light of the best possible recovery; and

      i. The range of reasonableness of the recovery to a possible recovery in light of all the attendant risks of continued litigation.

Therefore, it is

ORDERED that

1. The prior certification of the Settlement Class for Settlement purposes is REAFFIRMED. See ECF No. 177 at ¶ 3.

2. The Settlement Agreement and terms set forth therein are APPROVED.

3. After Judgment becomes final and the Settlement becomes effective, the MidFirst Defendants shall make the payments required by the Settlement Agreement and shall take the measures required by the Settlement Agreement.

4. The persons who have validly requested exclusion from the Settlement Class are not members of the Settlement Class, shall have no rights or interests with respect to the Settlement, and shall not be bound by any orders or judgments entered in respect to the Settlement. A list of those persons who have validly requested exclusion from the Settlement Class was previously filed with the Court on September 12, 2014. See Tilghman Decl., Ex. C, ECF No. 230-3.

5. As provided in Paragraph 58 of the Settlement Agreement, all Settlement Class

Members who did not properly and timely submit an opt-out form requesting exclusion, and any persons acting or purporting to act on their behalf, are hereby PERMANENTLY ENJOINED from instituting any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims against the Released Parties, as defined by the Settlement Agreement.

6. The Action is hereby DISMISSED WITH PREJUDICE as to the MidFirst Defendants and, except in connection with Plaintiff's Motion for Attorneys' Fees, Expenses, and Class Representative Service Award, without costs.

7. Exclusive and continuing jurisdiction and exclusive venue is retained with respect to the implementation, enforcement, construction, interpretation, performance, and administration of the Settlement.

8. If the Judgment does not become final, this Order Granting Final Approval of the Class Action Settlement shall be rendered null and void. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement, including seeking approval of the Settlement and class certification: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim of the Class Representative or any Settlement Class Member; or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing, fault, omission, or liability of the MidFirst Defendants or the Released Parties. Nothing in this paragraph shall preclude any party to the Settlement Agreement from using the Agreement, the Judgment, or any act performed or document executed pursuant to the Settlement Agreement in a proceeding to

consummate, monitor, or enforce the Settlement Agreement, the terms of the Settlement, or the Judgment.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly.

_____
United States District Judge

Dated: October 1, 2014
       Utica, New York.