# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## JUDGMENT IN A CIVIL CASE

**GORDON CASEY and DUANE SKINNER, individually and on behalf of all others similarly situated**
    Plaintiffs,
  vs.           **LEAD CASE NUMBER:**
                     **5:12-CV-820 (DNH/DEP)**

**CITIBANK, N.A.; CITIMORTGAGE, INC.; MIDFIRST BANK, N.A., doing business as Midland Mortgage; and FIRSTINSURE, INC.**
    Defendants.

**CELEST COONAN, individually and on behalf of all others similarly situated**
    Plaintiff,
  vs.           **MEMBER CASE NUMBER:**
                     **5:13-CV-353 (DNH/DEP)**

**CITIBANK, N.A.; CITIMORTGAGE, INC.; ASSURANT, INC.; AMERICAN SECURITY INSURANCE COMPANY; and STANDARD GUARANTY INSURANCE COMPANY**
    Defendants.

**Decision by Court.** This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

1)    That the prior certification of the Settlement Class for Settlement purposes is REAFFIRMED.

2.    The Settlement Agreement and terms set forth therein are APPROVED.

3.    After Judgment becomes final and the Settlement becomes effective, the MidFirst Defendants shall make the payments required by the Settlement Agreement and shall take the measures required by the Settlement Agreement.

4.    The persons who have validly requested exclusion from the Settlement Class are not members of the Settlement Class, shall have no rights or interest with respect to the Settlement, and shall not be bound by the orders and judgments entered in request to the Settlement.

5.    As provided in Paragraph 58 of the Settlement Agreement, all Settlement Class Members who did not properly and timely submit an opt-out form requesting exclusion, and any persons acting or purporting to act on their behalf, are hereby Permanently Enjoined from instituting any action or cause of action, in state or federal court or with any state, federal or local government agency, asserting the Released Claims against the Released Parties as defined by the Settlement.

6. The Action is hereby DISMISSED WITH PREJUDICE as to the MidFirst Defendants and, except in connection with Plaintiff's Motion for Attorneys' Fees, Expenses and Class Representative Service Award, without costs.

7. Exclusive and continuing jurisdiction and exclusive venue is retained with respect to the implementation, enforcement, construction, interpretation, performance, and administration of the Settlement.

8. If the Judgment does not become final, the Order Granting Final Approval of the Class Action Settlement shall be rendered null and void.

9. The Action is hereby DISMISSED WITH PREJUDICE as to the Citi defendants and Assurant defendants as noted in the Judgment entered on 8/22/2014.

All of the above pursuant to the Orders of the Honorable Judge David N. Hurd, dated 8/21/2014, 8/22/2014 and 10/1/2014.

DATED: October 2, 2014

*[signature]*
Clerk of Court

s/ *Joanne Bleskoski*

Joanne Bleskoski
Deputy Clerk